THE STATE, EX REL. CELEBREZZE, APPELLANT AND CROSS-APPELLEE, *v.*
GIBBS ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as State, ex rel. Celebrezze, *v.* Gibbs (1991), 60 Ohio St. 3d 69.]

(No. 88-1660—Submitted April 16, 1991—Decided May 29, 1991.)

*Lee I. Fisher,* attorney general, *James O. Payne, Jr., J. Michael Marous* and *Lori A. Massey,* for appellant and cross-appellee.

*Baker, Hackenberg & Collins Co., L.P.A.,* and *James M. Speros,* for appellees and cross-appellants.

ALICE ROBIE RESNICK, J. The state has appealed that portion of the appellate court's decision which modifies the trial court's order to appoint a receiver. Specifically, the state argues that the appointment of a receiver is committed to the sound discretion of the trial court, and that it cannot be reversed on appeal absent a

finding of an abuse of that discretion. In his cross-appeal to this court, Gibbs renews his arguments that he had substantially complied with the September 17 consent order, and that the state is estopped or has waived any charge of contempt for his non-compliance. Gibbs also argues that the trial court exceeded its authority to appoint a receiver when said court empowered the receiver to collect rents. We will first examine the state's appeal and arguments in support.

## I

It has long been recognized that the trial court is vested with sound discretion to appoint a receiver. "The question of whether or not a receiver will be appointed in a given case is addressed to the sound discretion of the court under all the circumstances." *South Main Akron, Inc.* v. *Lynn Realty, Inc.* (App. 1951), 62 Ohio Law Abs. 103, 112, 106 N.E. 2d 325, 331. See *Consolidated Rail Corp.* v. *Fore River Ry. Co.* (C.A.1, 1988), 861 F. 2d 322, 326: "[T]he decision to appoint a receiver clearly lies within the discretion of the court. * * * Thus, the appointment will not be disturbed unless there is a clear abuse of sound judicial discretion." (Citations omitted.) See, also, 1 Clark, A Treatise on the Law

and Practice of Receivers (3 Ed. 1959) 58-63, Section 53.[3]

Having set forth the appropriate standard of appellate review, we shall now determine whether the trial court abused its discretion in empowering the receiver with the authority to collect rents from all tenants of Gibbs' industrial park. R.C. 2735.01 governs the appointment of receivers, and provides in pertinent part:

"A receiver may be appointed by * * * the court of common pleas or a judge thereof * * * in causes pending in such courts respectively, in the following cases:

"* * *

"(C) After judgment, to carry the judgment into effect[.]"

In the present case, Gibbs filed a post-hearing brief on March 25, 1987 in which he requested that the trial court either overrule the state's application for contempt of the consent order, or "in the alternative, if necessary, * * * appoint a Trustee to oversee and enforce the removal of any and all remaining non-complying businesses from the Industrial Park." It is therefore clear that Gibbs not only consented to the appointment of a receiver, but also requested that one be appointed.[4] Thus, given the statutory authority granted to the trial court to

---

[3] "The appointment of a receiver is, as a general rule, discretionary * * *.

"* * *

"A court in exercising its discretion to appoint or refuse to appoint a receiver must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies." 65 American Jurisprudence 2d (1972) 873, 874, Receivers, Sections 19, 20.

[4] A "receiver" is defined as "[a]n indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, and receive its rents, issues, profits, and apply or dispose of them at the direction of the court * * *. A fiduciary of the court, appointed as an incident to other proceedings wherein certain ultimate relief is prayed. He is a trustee or ministerial officer representing the court * * *." Black's Law Dictionary (6 Ed. 1990) 1268.

appoint a receiver, and Gibbs' request that one be appointed, we find that the trial court did not abuse its discretion in appointing a receiver to enforce the consent order of September 17, 1986. In its order appointing the receiver, the trial court specifically found Gibbs in contempt of this consent order, and imposed the stipulated penalty of thirty days in jail and $500,000 in penalties. Moreover, the insouciant manner in which Gibbs responded to the three contempt charges and the numerous court orders set forth above adequately provides a basis for the trial court to impose a receivership. Hence, the trial court was empowered to appoint a receiver "who shall implement, on behalf of this court, the order of September 17, 1986, and this order."

The appellate court, however, ruled that the trial court erred not in appointing a receiver, but rather in granting the receiver the authority to collect rents from both complying and noncomplying tenants. In its judgment entry imposing a receivership, the trial court stated: "The receiver shall further collect all rents and monies due from the tenants and occupants, whether they are in compliance or not."

In resolving this issue, we find R.C. 2735.04 to be dispositive. R.C. 2735.04 sets forth the powers a trial court may grant to a receiver, as follows:

"Under the control of the court which appointed him, as provided in section 2735.01 of the Revised Code, a receiver may bring and defend actions in his own name as receiver, take and keep possession of property, *receive rents,* collect, compound for, and compromise demands, make transfers, *and generally do such acts respecting the property as the court authorizes.*" (Emphasis added.)

We interpret this statute as en-

abling the trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it deems appropriate. Absent a showing that the trial court has abused that discretion, a reviewing court will not disturb the trial court's judgment. It naturally follows that Gibbs would have to demonstrate that the trial court abused its discretion when it empowered the receiver to collect rents. This court has consistently stated that an abuse of discretion is more than an error of law; it implies an unreasonable, arbitrary or unconscionable attitude on the part of a trial court. See *In re Jane Doe 1* (1991), 57 Ohio St. 3d 135, 137, 566 N.E. 2d 1181, 1184. Upon our consideration of the record, we cannot say that Gibbs has met this burden. Because R.C. 2735.04 specifically empowers a trial court to authorize a receiver to collect rents, and given the manner in which Gibbs ignored the trial court's previous orders, we find the trial court did not abuse its discretion in empowering the receiver to collect all rents. We therefore reverse the court of appeals on this issue.

## II

In his cross-appeal to this court, Gibbs argues that he had substantially complied with the September 17, 1986 consent order, and therefore the trial court erred in finding him in contempt of that order. Gibbs also contends that under the doctrine of estoppel and waiver, the state is precluded from any challenge for his noncompliance with the consent order. We find these assertions to be without merit.

In support of his argument that the trial court should not have found him in contempt, Gibbs maintains that he made reasonable efforts which amounted to substantial compliance; that the underlying consent order of September 17, 1986 was ambiguous;

and finally that he cannot be held in contempt for noncompliance with the consent order because such noncompliance was the result of acts of others over which he had no control, *i.e.,* the tenants of the industrial park.

We reject Gibbs' argument that substantial compliance with the consent order precludes a finding of contempt. "This court will not reverse the decision of the court below in a contempt proceeding in the absence of a showing of an abuse of discretion. See *Cady* v. *Cleveland Worsted Mills Co.* (1933), 126 Ohio St. 171." *State, ex rel. Ventrone,* v. *Birkel* (1981), 65 Ohio St. 2d 10, 11, 19 O.O. 3d 191, 417 N.E. 2d 1249, 1250. See, also, *Planned Parenthood Assn. of Cincinnati, Inc.* v. *Project Jericho* (1990), 52 Ohio St. 3d 56, 61, 556 N.E. 2d 157, 163. The record demonstrates that Gibbs admitted that one third of his tenants were in violation of the consent order, and that thirteen businesses with approximately thirty employees were operating in violation of the consent order. Likewise, the record is replete with examples of Gibbs' noncompliance. We therefore agree with both lower courts that Gibbs has not demonstrated substantial compliance.

Gibbs next asserts that the consent order of September 17, 1986 was ambiguous, and therefore cannot provide a basis for contempt. This argument was not raised in the appellate court, and is therefore waived. See *State* v. *Comen* (1990), 50 Ohio St. 3d 206, 211, 553 N.E. 2d 640, 646. Moreover, we find it disingenuous to assert that this *consent order* is somehow ambiguous. Both parties agreed to the order as a settlement of all disputes, and when the agreement was read into the record Gibbs clearly expressed that he fully understood the agreement. Gibbs cannot now complain that the consent order was ambiguous, nor that he misunderstood its contents.

Lastly, we are not persuaded by Gibbs' assertion that he cannot be held in contempt when he had no control over the actions of his tenants. The responsibility to comply with a court order is placed directly upon the party against whom the order is rendered. In this regard, Gibbs' claim that the state is estopped or has waived any challenge as to the consent order is also without merit. For example, Gibbs claims that the EPA's refusal to define the term "non-water use" as set forth in the consent order amounts to interference with his efforts to comply with the consent order. Gibbs also advances the argument that the EPA is somehow guilty of misconduct in refusing to participate in his efforts to comply with the consent order. We agree with the court of appeals that "[t]he doctrines of waiver and estoppel are wholly inapplicable" in this case. The duty to comply with a court order lies with the party to whom the order is addressed, and nowhere else.

For all the above reasons, we determine that the trial court did not abuse its discretion in finding Gibbs in contempt of the consent order issued by that court on September 17, 1986. The court of appeals' judgment is reversed in part, and affirmed in part. The trial court's judgment is hereby reinstated in its entirety.

*Judgment reversed in part and affirmed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.