The STATE, ex rel. CELEBREZZE, Atty. Gen., Appellee,

v.

GIBBS et al., Appellees;

GIBBS, Appellant.

[Cite as *State ex rel. Celebrezze v. Gibbs* (1992), 84 Ohio App.3d 245.]

Court of Appeals of Ohio,
Lake County.

No. 89–L–14–031.

Decided Dec. 14, 1992.

Lee Fisher, Attorney General, and *James O. Payne, Jr.*, Assistant Attorney General, Environmental Enforcement Section, for appellee Attorney General.

*Baker, Hackenberg, & Collins Co., L.P.A.*, and *James M. Speros*, for appellee Gibbs et al.

*Steven D. Jones*, for appellant.

FORD, Presiding Judge.

This is an appeal from the Lake County Court of Common Pleas. Appellant, Evelyn Gibbs, appeals from the trial court's judgment dated February 24, 1989, as altered by its *nunc pro tunc* entry dated March 31, 1989.

This appeal is a product of extensive litigation among the Ohio Attorney General, Robert Gibbs and Gibbs Industrial, Inc. A brief history is appropriate.

Previously, the trial court appointed a receiver in order to bring Gibbs Industrial Park into compliance with environmental statutes. This order was appealed to this court in *State ex rel. Celebrezze v. Gibbs* (July 22, 1988), Lake App. No. 12–178, unreported, 1988 WL 76767. We modified the trial court's order determining that the receiver was to take no part in the collection of rents. *Id.* at 12. Our judgment was appealed to the Ohio Supreme Court and it concluded that "the trial court did not abuse its discretion in empowering the receiver to collect all rents." *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 74, 573 N.E.2d 62, 68.

Subsequently, a hearing was held to determine the rights of various creditors to rents collected by the receiver and whether the receiver should be terminated due to the fact that the goal of compliance was achieved.

Appellant appeals assigning the following as error:

"(1.) The trial court erred in ordering that receivership expenses be paid from funds unlawfully collected from a non-party, in contravention of this court's opinion of July 25, 1988.

"(2.) The trial court committed reversible error in imposing receivership costs on non-party appellant where no court order was ever issued requiring appellant to accomplish the alleged purpose of receivership.

"(3.) The trial court abused its discretion in awarding the receiver and his attorney fees and expenses of more than $39,000.00 without a showing of the reasonableness and necessity thereof for time allegedly spent on curing purported environmental violations consisting of the utilization of portable toilets by five tenants.

"(4.) The trial court committed reversible error in imposing a mandatory injunction and deficiency judgment upon appellant in absence of personal jurisdiction, notice of hearing and opportunity to be heard thereon.

"(5.) The trial court committed reversible error in failing to disqualify himself due to his personal prejudice against appellant."

■ In her first assignment of error, appellant argues that the trial court erred by allowing the receiver and receiver's attorney to recover their fees from unlawfully collected rents from a nonparty.

Appellant was not a named party to the litigation,[1] but at the hearing to determine the distribution of rents which were collected by the receiver, she claimed that the rents were hers personally because she held title to the land known as Gibbs Industrial, Inc. She produced deeds which were admitted into evidence which showed the land had been transferred from Robert E. Gibbs to E.L. Eighmy; then, from E.L. Eighmy to Gibbs Industrial, Inc.; then, from Gibbs Industrial, Inc., back to E.L. Eighmy. She relies on these deeds to establish that she is the record owner, yet her name does not appear as a grantee on any of the deeds. She also refers us to a portion of the transcript where the attorneys at the proceeding stipulate to the fact that she is the title owner.

Mr. McGee stipulated as to the authenticity of the deeds. Mr. Cannon states that there is no issue as to ownership. Mr. Payne did not initially stipulate to the fact that Mrs. Gibbs was the title owner but later did stipulate to the fact after Mrs. Gibbs said she was the title owner.

In short, the deeds do not establish that Mrs. Gibbs is the title owner, but some of the parties at the hearing on November 29, 1988 stipulated to this. However, not all parties so stipulated. While there is some question as to whether the record establishes that Mrs. Gibbs is the record owner, we will proceed as if she is.

First, appellant contends that the rents which the receiver collected were unlawfully gathered because this court, in a previous appeal, modified the trial court's order. Essentially, the trial court's order permitted the receiver to collect rents, but we modified this portion of the order stating that the receiver was to take no part in collecting rents. *State ex rel. Celebrezze v. Gibbs* (July 22, 1988), Lake App. No. 12–178, unreported, at 12, 1988 WL 76767. Subsequently, the Supreme Court of Ohio reversed our decision on this issue. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 74, 573 N.E.2d 62, 68. Therefore, the receiver was permitted to collect rents.

■ Next, appellant, Evelyn Gibbs, claims that the rents are hers personally because she is the owner of the land from which the rents were derived. Conveniently, Robert Gibbs and Gibbs Industrial, Inc., the named defendants,

---

1. The complaint did not name appellant. Furthermore, on October 30, 1987, the trial court overruled a motion to join appellant as a party defendant. Moreover, in its judgment entry dated February 24, 1989, the trial court referred to appellant as defendant, but in its *nunc pro tunc* entry dated March 31, 1989, it changed its terminology and referred to appellant as contemnor.

make no claim to the rents. The problem here is that even if appellant is the land owner, the rents were derived from renting space which was known as Gibbs Industrial, Inc., a party to the action. If Gibbs Industrial, Inc. owes rent to the owner, that is an issue not before us in this appeal. Accordingly, we cannot say that the trial court erred in finding the rents could be applied to the fees charged by the receiver and his attorney. Furthermore, as previously stated, the Supreme Court specifically stated that the receiver was entitled to collect rents. 60 Ohio St.3d at 74, 573 N.E.2d at 68. Implicit was the notion that the parties to that case, Robert E. Gibbs, and/or Gibbs Industrial Park, were entitled to the rents. Accordingly, we cannot disturb the law of the case on this issue. The first assignment is meritless.

In the second assignment, appellant argues that she was improperly deprived of the rental proceeds because she was not a party to the action. This, again, assumes that the rental proceeds were somehow hers personally. As previously stated in the first assignment, the proceeds were obtained from tenants of Gibbs Industrial, Inc. Therefore, appellant cannot say that the rents were hers personally merely because she was the title owner of the land, particularly in view of our analysis in the first assignment of error. The second assignment is without merit.

The third and fourth assignments of error will be considered together. Appellant asserts that the trial court erred by imposing a deficiency judgment upon her and by affirmatively requiring her to perform various functions in the future. As previously stated, appellant was not a named party. As such, the court lacked jurisdiction in this case to enter a deficiency judgment against her or to require her to inform the court of new tenants, etc.

"It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void." *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 59 O.O. 74, 75–76, 133 N.E.2d 606, 610; *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 183, 553 N.E.2d 650, 651.

In this case, appellant appeared only as a creditor, she was not served with process. Therefore, the court lacks jurisdiction to enter a deficiency judgment against her. This assignment is with merit; therefore, the portion of the judgment finding appellant liable for attorney fees and receiver fees is reversed. Furthermore, appellant cannot be required to update the trial court regarding the list of tenants as a result of this particular suit.

Because we reverse that portion of the judgment holding appellant liable for attorney and receivership fees, her arguments that the receiver and attorney overcharged are moot. App.R. 12(A).

█ In the fifth assignment, appellant argues that the trial judge should have disqualified himself. Appellant filed an affidavit of disqualification in the Ohio Supreme Court. Chief Justice Thomas J. Moyer found the affidavit to be not well taken and dismissed it. Section 5(C), Article IV of the Ohio Constitution reads:

"The chief justice of the supreme court or any judge of that court designated by him shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof. Rules may be adopted to provide for the hearing of disqualification matters involving judges of courts established by law."

"Since only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." (Footnote omitted.) *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441–442, 8 O.O.3d 438, 439–440, 377 N.E.2d 775, 776. Accordingly, this assignment is without merit.

Based upon the foregoing, the portion of the trial court's order finding appellant liable for attorney and/or receivership fees is reversed. Furthermore, appellant cannot be required to perform any other acts required by the trial court's judgment. All other aspects of the trial court's judgment are affirmed.

*Judgment accordingly.*

CHRISTLEY and NADER, JJ., concur.