OPINION
In this accelerated calendar case, appellants, Brian Bonjack ("Bonjack"), John Guinn ("Guinn"), and William Plank ("Plank"), appeal from a final judgment of the Geauga County Court of Common Pleas denying their motion to find appellee, Donald Haueter, in contempt. For the reasons that follow, we affirm the judgment of the trial court.
On March 13, 1998, Bonjack, in his capacity as Burton Township Zoning Inspector, filed a complaint against appellee seeking preliminary and permanent injunctive relief. As grounds for the complaint, Bonjack alleged that appellee was engaged in or permitting the surface mining of a twenty-acre parcel of property located in Burton Township. According to Bonjack, the property in question was in a residentially zoned district where surface mining was not a permitted use.
The trial court granted Bonjack's request for a permanent injunction on May 10, 1999. The trial court's order, which was agreed to by the parties, permanently enjoined appellee from using or permitting the use of the property for surface mining or mineral extraction. However, the injunction did not prohibit appellee from grading or contouring the property for purposes of building a residential subdivision or other permitted use.[1]
On January 12, 2001, Bonjack filed a motion to show cause why appellee should not be held in contempt of court for violating the permanent injunction filed on May 10, 1999. In his motion, Bonjack claimed that appellee had refused to comply with the trial court's order and was using the property for surface mining or mineral extraction. Guinn and Plank subsequently filed a motion to intervene, which was granted by the trial court, arguing that, as adjacent landowners, the impending hearing would substantially effect their rights to the use and enjoyment of their property.
The trial court conducted a hearing on February 7, 2001, during which the parties presented conflicting evidence in favor of their respective positions. After considering the evidence, the trial court issued a judgment denying appellants' motion. In doing so, the trial court concluded that although appellee's "conduct may technically constitute `surface mining' pursuant to some part of R.C. 1514.01(A), it quite clearly constitutes `contouring and grading' as contemplated by the May 10, 1998, entry."
From this decision, appellants filed a timely notice of appeal with this court. They now argue under their sole assignment of error that the trial court's judgment was against the manifest weight of the evidence.
Before proceeding to the merits of appellants' appeal, we must first determine the appropriate standard of review. Appellants argue that the trial court erred in denying its motion to find appellee in contempt because the court's judgment is against the manifest weight of the evidence. However, this court has already held that an appellate court will not reverse the decision of a trial court in a contempt proceeding absent an abuse of discretion. Rootstown Twp. v. Drennen (Sept. 29, 2000), Portage App. No. 99-P-0096, unreported, 2000 Ohio App. LEXIS 4561, at 5-6. See, also, State ex rel. Celebrezze v. Gibbs (1991),60 Ohio St.3d 69, 75. That is, this court will not disturb the appealed judgment unless we conclude that the trial court abused its discretion by declining to find appellee in contempt. Balliette v. Balliette (Sept. 30, 1992), Portage App. No. 91-P-2387, unreported, 1992 WL 267382, at 2. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
Turning to the merits, under R.C. 1514.01(A), surface mining includes "the removal of overburden for the purpose of determining the location, quantity, or quality of mineral deposits[.]" R.C. 1514.01(C) defines overburden as "all of the earth and other materials that cover a natural deposit of minerals and also means such earth and other materials after removal from their natural state in the process of surface mining."
In support of their position that appellee was engaging in surface mining, appellants presented the testimony of Guinn, Plank, and Roger Heskett ("Heskett"), a reclamation expert with the Ohio Department of Natural Resources Division of Mineral Resource Management. Heskett testified that when inspecting the property in question, he noticed that topsoil had been pushed to the northern boundary of the property line, which he claimed was consistent with the practice of surface mining. Furthermore, he testified that on one of the days he inspected the property, he witnessed a backhoe removing the overburden in a particular area and exposing the sand and gravel deposits below. However, Heskett admitted that he did not see any sand or gravel being removed or excavated at the time of his visits.
Appellee also testified at the hearing. During his testimony, appellee maintained that neither he nor his employees removed any minerals from his property. Rather, he claimed that in the process of clearing the land for a proposed subdivision, tree stumps and brush were transported to an area along Rider Road that previously had been mined, and that dirt was hauled from the property in question to cover the refuse.
Moreover, appellee also admitted that some overburden had been removed. However, he testified that the removal was necessary to grade and contour the land to the proposed elevations, and was not for purposes of determining the location, quantity, or quality of mineral deposits. In support, appellee introduced into evidence a preliminary subdivision sketch that an engineer had completed in 1998. This sketch showed the existing grades, proposed grades, and a proposed road running through the property.[2]
Based on this evidence, the trial court determined that appellee was not in contempt because, although his actions technically constituted surface mining, they were also consistent with the contouring and grading of the property, which was a permitted use under the terms of the permanent injunction. In other words, the activities complained of were common to both surface mining and contouring and grading for development purposes.
After reviewing the record, we cannot say that the trial court abused its discretion in this regard. Even though appellant admitted to removing some of the overburden, his stated purpose was consistent with a permitted use per the agreed entry. Also, two of appellee's employees who were working on the property testified that they never observed any sand or gravel being mined.
As the moving party, appellants had the burden of establishing, by clear and convincing evidence, a prima facie showing of contempt.Cottage v. Cottage (June 13, 1997), Trumbull No. 96-T-5412, unreported, 1997 WL 360977, at 9 (holding that a prima facie showing of contempt is made when moving party demonstrates the following: "(1) a lawful order of a court with jurisdiction; (2) proper notice to the contemnor; and (3) a failure to comply with the court's order."). See, also, In re Cox (Dec. 23, 1999), Geauga App. Nos. 98-G-2183 and 98-G-2184, unreported, 1999 WL 1312688, at 5.
Furthermore, we recognize that the trial court, as the trier of fact, was in the best position to view witnesses and judge their credibility, and that cases such as the one currently before us essentially turn on the credibility of those who testify. Here, the trial court obviously believed appellee's conduct was consistent with the use specified in the agreed entry. Although there was testimony that appellee had removed material from the property, the trial court correctly had to go beyond this and determine if the conduct was contouring and grading, or if appellee was engaged in surface mining. This distinction is important because simply removing the overburden and exposing the underlying minerals, standing alone, is not enough to support a conclusion that surface mining has occurred. Instead, any such removal of the overburden could only be considered surface mining if it was "for the purpose of determining the location, quantity, or quality of mineral deposits[.]" R.C. 1514.01(A).
Appellants have failed to demonstrate that the trial court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, their sole assignment of error is not well-taken. The judgment of the trial court, therefore, is affirmed.
O'NEILL, P.J., NADER, J., concur.
[1] Specifically, the injunction provided the following:
 "This order of injunction shall not prohibit [appellee], his heirs, agents, assigns, successors, servants, employees, and/or those persons acting in concert with him from grading or contouring the referenced property for the purpose of building a residential subdivision, or other use as either permitted or conditionally permitted by the Burton Township Zoning Resolution, for the district in which the property is located. For any conditionally permitted use, [appellee] shall abide by all applicable Board of Zoning Appeals procedures."
[2] In addition, the trial court viewed the property with the consent of the parties.