OPINION
{¶ 1} This is an appeal of the judgment of the Geauga County Court of Common Pleas, finding that appellants, the estate of Carl Milstein and Trebmal Construction, Inc. ("Trebmal"), were in contempt of court, and entering a judgment in favor of appellee, Sandra Milstein.
 {¶ 2} On December 21, 1994, appellee and Carl Milstein, now deceased, were divorced. The parties entered into an agreed judgment entry, drafted by appellee's attorneys, which addressed property division, spousal support, and allocation of parental rights. One provision of the agreed judgment entry addressed the disposition of a life insurance policy ("the policy"), owned by appellant, Trebmal, a corporation controlled by Carl Milstein. Trebmal was a beneficiary of 81.25% of the proceeds of the policy, and the remaining 18.75% would go into a trust to benefit appellee.
 {¶ 3} Under this provision, Carl Milstein and Trebmal agreed to continue the policy and to continue paying the premiums. The parties also agreed that the death benefit would be at least eight million dollars. The judgment entry further provided that:
 {¶ 4} "Neither plaintiff, Carl Milstein, nor Trebmal Construction, Inc. nor any other third party shall borrow, pledge, assign or encumber the cash value of said New York Life Insurance policy."
 {¶ 5} From the time the policy was purchased in 1990 until 1998, appellants paid the monthly premium to maintain the policy. Appellants directed that dividends generated by the policy be applied toward paid-up additions to the policy, although not required to do so by the agreement. This increased the death benefit of the policy.
 {¶ 6} On August 28, 1998, the policy anniversary, the insurance company applied the dividend earned in 1998 to purchase additional paid-up insurance. On September 8, 1998, Carl Milstein and Trebmal instructed the insurance company to pay the 1999 premium on the policy using dividends. As a result of this instruction, the additional paid-up insurance that was automatically purchased on August 28, 1998 was surrendered. The 1998 dividend paid approximately half of the 1999 premium. The other half of the premium was paid by surrendering a portion of the additional paid-up insurance purchased with dividends in prior years.
 {¶ 7} On August 24, 1999, appellee filed a motion for appellants to show cause why they should not be held in contempt of court for violating the agreed judgment entry by surrendering paid-up additions to pay the premium on the policy.
 {¶ 8} On August 28, 1999, the insurance company automatically applied the 1999 dividend to purchase additional paid-up insurance. On September 28, 1999, appellants again instructed the insurance company to pay the premium on the policy using dividends. This caused the paid-up addition purchased on August 28, 1999 to be surrendered, as well as a portion of the additional paid-up insurance purchased with dividends earned in prior years.
 {¶ 9} Appellee contacted the insurance company, informing it that it could not use the paid-up additions in this way. The insurance company reversed the transaction and restored the paid up additions to the policy, placing the policy on hold pending the outcome of the contempt litigation.
 {¶ 10} Carl Milstein died on November 7, 1999, and his estate was substituted as a party to the proceedings. The motion came for hearing on August 30, 2000, before a magistrate. On December 6, 2000, the magistrate issued a decision, finding, inter alia, that the agreed judgment entry did not specify the method by which the policy's premiums should be paid and that the use of dividends to pay the premiums did not encumber the cash value of the policy and thus, did not violate the agreed judgment entry.
 {¶ 11} Appellee filed timely objections to the magistrate's decision. The trial court adopted the magistrate's findings of fact with minor changes, designating three of the magistrate's findings of fact as conclusions of law. The trial court, however, reversed the decision of the magistrate, and entered judgment in favor of appellee. Appellants were ordered to pay: 1.) $235,967.32, the difference between appellee's portion of the death benefit, had appellants not applied the dividends to the payment of the 1998-1999 and 1999-2000 premiums, and appellee's portion of the death benefit actually paid; 2.) appellee's attorneys' fees and litigation expenses; and, 3.) the costs of the proceedings.
 {¶ 12} From this decision, appellants filed a timely appeal, raising the following assignments of error:
 {¶ 13} "[1.] The Trial Court erred in finding that surrender of paid-up additional insurance to pay policy premiums encumbered the cash value of the Policy."
 {¶ 14} "[2.] The Trial Court erred in calculating the amount of damages awarded to Defendant-Appellee."
 {¶ 15} "[3.]The Trial Court erred by awarding attorney's fees to Sandra Milstein."
 {¶ 16} In their first assignment of error, appellants argue that the trial court erred by concluding that the surrender of additional paid-up insurance, purchased with dividends from the policy, effectively encumbered the cash value of the policy, and violated the agreed judgment entry.
 {¶ 17} When reviewing a trial court's decision in a contempt proceeding, a reviewing court may not disturb a lower court's ruling absent an abuse of discretion. State ex rel. Celebrezze v. Gibbs (1991),60 Ohio St.3d 69, 75; Bonjack v. Haueter, 11th Dist. No. 2001-G-2342, 2002-Ohio-1609, at 7. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 18} The agreed judgment entry contains several provisions relevant to this case. First, it provides that Carl Milstein and Trebmal were to continue the policy and pay the premiums in a timely manner, so that the policy would have a minimum death benefit of eight million dollars. A trust, benefiting appellee, was made the beneficiary of 18.75% of the death benefit of the policy, which benefit would be maintained at a value of at least eight million dollars. The proceeds of the trust would be paid to appellee ten days after they were received. Neither Carl Milstein, nor Trebmal, nor any third party would "borrow, pledge, assign or encumber the cash value of [the policy]." Finally, if appellants failed to make a premium payment, appellee was given the right to direct the insurance company to use the cash value of the policy to pay the defaulted premium.
 {¶ 19} In this case, the trial court determined that appellants caused the policy's premium to be paid up until the date of Carl Milstein's death, and that, during that time, the death benefit of the policy always exceeded eight million dollars. The court also determined that nothing in the agreed judgment entry or the insurance policy required that appellants purchase additional paid-up insurance with the dividends from the policy, or prohibited appellants from paying premiums with the dividends. The trial court also found that the agreed judgment entry was unambiguous.
 {¶ 20} The trial court concluded, however, that appellants had violated the terms of the agreed judgment entry because "[s]urrendering cash value can be considered the equivalent of an encumbrance on the cash value." The court also reasoned that any provision, which prohibited encumbrances but allowed the surrender of the cash value of the policy, would be meaningless.
 {¶ 21} The court erred in making this interpretation of the agreed judgment entry. As the trial court concluded, the agreed judgment entry does not place any limitations on what appellants could do with the dividends generated by the policy. Because, as the trial court correctly concluded, appellants were not required to purchase additional paid-up insurance with their dividends, the additional insurance is not a part of what the agreement guaranteed to appellee. Appellants were free to purchase additional paid-up insurance or not, as they saw fit.
 {¶ 22} It is clear that, because additional paid-up insurance, purchased with appellants' dividends, was not a part of the agreement, the cash value of this additional insurance was also not a part of the agreement. Under the terms of the agreement, appellants were prohibited from borrowing, pledging, assigning or encumbering the cash value of the underlying eight million dollar policy, which would accumulate with the regular payment of the policy's premium. Appellants were prohibited from taking actions to reduce this amount in order to prevent them from reducing the death benefit below eight million dollars, and to allow appellee to have a way to pay the policy premiums if appellants defaulted on this obligation. The cash value of the additional paid-up insurance belonged to appellants, to use as they wished, just as the dividends used to pay for the insurance did.
 {¶ 23} Appellants complied in every respect with the agreed judgment entry. In fact, the death benefit at Carl Milstein's death was greater than the eight million dollars guaranteed by the agreed judgment entry because appellants voluntarily used the policy's dividends to purchase additional paid-up insurance. Appellee received more than what was guaranteed her under the agreement, not less.
 {¶ 24} The trial court's interpretation of the agreed judgment entry, which limited appellants' rights with respect to the policy's dividends and the additional paid-up insurance purchased with them, was an abuse of discretion. Appellants' first assignment of error has merit.
 {¶ 25} In appellants' second assignment of error, they claim that the trial court erred in calculating the amount of damages owed to appellee. As discussed above, appellants were not in breach of the agreed judgment entry. Appellants had the right to do what they wished with the dividends of the policy. The additional insurance purchased by appellants was not a part of the agreement, and appellants were not prohibited from surrendering the cash value of the additional insurance to pay the premium on the underlying policy.
 {¶ 26} Because appellants complied in every respect with the agreed judgment entry, they are not in breach of the judgment entry. Thus, they owe no damages to appellee. The trial court erred by awarding appellee $235,967.32 in damages where it, as a matter of law, should have awarded none. Appellants' second assignment of error has merit.
 {¶ 27} In appellants' third assignment of error, they argue that the trial court erred by awarding attorney fees to appellee because appellee was not properly a prevailing party in this matter.
 {¶ 28} The agreed judgment entry provides that, if it is necessary to begin legal proceedings to cause one of the parties to perform an obligation under the agreement, the party found to be in default must pay all expenses, including attorney's fees. Because, in appellants' first assignment of error, we reversed the trial court's determination that appellants were in default of the agreed judgment entry, appellants are not a "party found in default." Because appellants are not in default, they are not liable, under the plain language of the agreed judgment entry, for appellee's attorney fees. Appellants' third assignment of error has merit.
 {¶ 29} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is reversed and judgment is entered in favor of appellants. Appellee is awarded no damages or attorney's fees from appellants.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.