OPINION
{¶ 1} Plaintiff-appellant, Louis K. Slagle, appeals the June 21, 2004 judgment entry of the Lake County Court of Common Pleas, Juvenile Division, imposing ten days of a thirty-day suspended jail sentence for contempt of court. On Slagle's motion, the trial court has stayed execution of sentence pending appeal. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On April 28, 2000, Slagle obtained a divorce from defendant-appellee, Tamara J. Slagle nka Frey. Frey was given custody of the four children born of the marriage and Slagle was ordered to pay child support.
 {¶ 3} By mid-2001, Slagle was in default on his child support payments. On May 24, 2001, the domestic relations court ordered Slagle to post a $1,500 cash bond with the clerk of courts. On July 9, 2001, Slagle filed a motion to modify child support. On October 20, 2001, the Lake County Department of Job and Family Services, Child Support Enforcement Division ("CSEA"), filed a motion to show cause why Slagle should not be held in contempt for failure to pay child support as required by the April 28, 2000 decree of divorce and to post bond as required by the court's May 24, 2001 order.
 {¶ 4} On December 5, 2002, the domestic relations magistrate issued his decision regarding these matters. In it, the parties stipulated that, as of June 30, 2001, Slagle's arrearage was $5,619.46, exclusive of processing charge. Slagle admitted that "he had failed to comply with the Court's prior order to pay child support and to post a $1500.00 bond." The magistrate's decision further stated: The parties "had reached an agreement for an appropriate sentence and purge for the failure to comply herein. * * * The parties * * * indicated they had no questions concerning the terms of the agreement, they understood the terms and intended to be bound by them * * *, and they understood * * * that in all likelihood the agreement for an appropriate sentence and purge would become the court's order."
 {¶ 5} On December 26, 2002, the domestic relations court adopted the magistrate's decision and, in accordance with the magistrate's findings, entered the following order. Slagle's child support obligation was modified to $229.80 per month per child plus processing fee, effective July 9, 2001. Slagle was found "in contempt of this Court's order to pay child support and to post bond * * * [and] shall serve thirty (30) days in the Lake County Jail unless he purges himself of this contempt. [Slagle] may purge himself of this contempt by posting the $1500.00 cash bond * * * and by paying * * * the sum of $45.96 per month, plus processing charge, toward the stipulated arrears of $5,619.46 * * * until the same has been paid in full."
 {¶ 6} According to the December 26, 2002 judgment entry, the total owed by Slagle to CSEA for support, arrearage, and processing is $984.46 per month. Subsequent to the court's judgment entry, Slagle posted the cash bond. Slagle paid child support, but did not pay the full amount of $984.46. However, Slagle's payments were in excess of the $45.96 required to purge the contempt.
 {¶ 7} By January 2003, Slagle's reported arrearage had increased to $17,608.30. On April 24, 2003, Frey filed a Motion to Impose This Court's Sentence, alleging that Slagle had failed to pay the sum of $45.96 toward the arrearage.[1] This motion was dismissed by court order on January 12, 2004.
 {¶ 8} On January 20, 2004, Frey again filed a Motion to Impose Sentence on the same grounds as the prior motion. On May 20, 2004, a hearing on Frey's motion was held in juvenile court. On June 21, 2004, the court issued its final ruling in this matter, finding that Slagle "did not comply with the terms of the purge order" and imposing "ten days of the suspended thirty days [sentence]."
 {¶ 9} From this judgment, Slagle timely appeals and raises the following assignment of error: "The trial court erred to the prejudice of the appellant by incorrectly interpreting the specific language of the contempt order of December 26, 2002."
 {¶ 10} "[T]he primary interest involved in a contempt proceeding is the authority and proper functioning of the court," therefore, "great reliance should be placed upon the discretion of the trial judge."Denovchek v. Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16. Absent an abuse of that discretion, a trial court's decision in a contempt proceeding will not be reversed. State ex rel. Celebrezze v. Gibbs
(1991), 60 Ohio St.3d 69, 75.
 {¶ 11} Slagle argues that the juvenile court abused its discretion by finding him in violation of the contempt order. The December 26, 2002 order stated that Slagle could purge himself of the contempt order "by posting the $1500.00 cash bond * * * and by paying * * * the sum of $45.96 per month, plus processing charge, toward the stipulated arrears of $5,619.46." Slagle argues that he complied with the order by paying at least $45.96 every month to CSEA.
 {¶ 12} Slagle acknowledges existing precedent which holds that a contemnor fails to purge himself by paying on the arrearage while failing to pay the current support obligation. See Frisina v. Frisina (June 26, 1998), 11th Dist. No. 97-L-122, 1998 Ohio App. LEXIS 2916, at *7-*8;Johns v. Johns (March 18, 1997), 10th Dist. No. 96APF07-897, 1997 Ohio App. LEXIS 1127, at *6. Furthermore, Ohio Admin. Code 5101:1-31-14
provides that any payments that a child support collection agency receives must be applied first toward current support obligations and then toward arrears. Slagle contends that the purge order was ambiguous because it failed to inform him that he could only purge his contempt by paying his current support obligation in addition to the $45.96 toward arrears.
 {¶ 13} The juvenile court rejected this argument. The court stated that, although the December 26, 2002 order was "not specific" and "somewhat confusing," Slagle's failure to comply would not be excused: "It does * * * stretch the Court's imagination to believe that a person could think that he could purge his contempt for non-payment by simply paying $45.96 toward the arrearages and neglecting his current support." We agree.
 {¶ 14} Slagle's alleged belief that he could purge the contempt order by merely paying on the arrearage is not reasonable. Moreover, Slagle stated before the magistrate of the domestic relations court that he "had no questions concerning the terms of the agreement," and that he "understood the terms and intended to be bound by them." Slagle was also put on notice that payments of $45.96 were not sufficient to purge the contempt by Frey's initial motion to impose sentence filed in April 2003. After this point, Slagle had no excuse for not complying with the court's order or for not inquiring whether he was in compliance.
 {¶ 15} Slagle's sole assignment of error is without merit. The decision of the Lake County Court of Common Pleas, Juvenile Division, imposing a ten day sentence on Slagle is affirmed.
Cynthia Westcott Rice, J., concurs.
Donald R. Ford, P.J., dissents with a Dissenting Opinion.
[1] The domestic relations court judge transferred this motion, and Frey's subsequent motions to impose sentence, to the juvenile division of the Lake County Court of Common Pleas because the domestic relations judge had formerly represented CSEA as an assistant prosecuting attorney. See R.C. 3109.06 ("[a]ny court * * * that has jurisdiction * * * in any case respecting the support of a child * * * may * * * certify the record in the case * * * as the court deems necessary * * * to the juvenile court for further proceedings").