[Cite as *Frizzell v. Frizzell*, 2012-Ohio-4147.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NANCY G. FRIZZELL (HOHL) | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| REX C. FRIZZELL | : | Case No. 12-CA-4 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Domestic Relations Divison,
Case No. 09DR0960

JUDGMENT:        Affirmed/Reversed in Part

DATE OF JUDGMENT:        September 11, 2012

APPEARANCES:

For Plaintiff-Appellant

DEBORAH L. KENNEY
One South park Place
Newark, OH  43055

For Defendant-Appellee

MICHELLE L. GRAMZA
P.O. Box 309
Newark, OH  43058-0309

*Farmer, J.*

{¶1} On January 9, 1997, appellant, Nancy Frizzell, and appellee, Rex Frizzell, were married. Appellant filed a complaint for divorce on July 8, 2009. On March 1, 2010, the parties filed a settlement memorandum. An agreed judgment decree of divorce without children was filed on March 30, 2010.

{¶2} Appellee was a participant in the State Teachers Retirement System (hereinafter "STRS"). After the divorce was final, appellee requested that appellant sign a form relinquishing her survivorship rights in his STRS account. Appellant refused to execute the form.

{¶3} On January 25, 2011, appellee filed a motion in contempt against appellant for her refusal to execute the form and failure to transfer $11,500.00 to him as a property equalization payment. On March 30, 2011, appellant filed a motion in contempt against appellee for his failure to return certain personal property items to her as ordered by the trial court. Hearings before a magistrate on the motions were held on June 21, and August 2, 2011. By decision filed August 8, 2011, the magistrate recommended that appellant be found in contempt for failing to submit a Qualified Domestic Relations Order (hereinafter "QDRO") as required, be ordered to execute the form, and require appellant to repay appellee the additional monthly amount he would have received had appellant signed the form when the divorce was final. Appellee was not found in contempt. Appellant filed objections. By opinion filed December 1, 2011 and judgment entry filed December 28, 2011, the trial court denied the objections and approved and adopted the magistrate's decision save for the amount of attorney's fees

awarded to appellee. The trial court ordered appellant to pay appellee $7,445.52 for the monthly lost benefits for appellant's failure to execute the form.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO REPAY APPELLEE AMOUNTS HE PAID TO MAINTAIN SURVIVOR BENEFITS FOR APPELLANT AND IN ORDERING APPELLANT TO RELINQUISH HER JOINT AND SURVIVORSHIP RIGHTS TO APPELLEE'S STATE TEACHERS RETIREMENT ACCOUNT BENEFITS."

II

{¶6} "THE COURT ERRED IN FINDING APPELLANT IN CONTEMPT AND IN ORDERING APPELLANT TO PAY APPELLEE'S ATTORNEY FEES FOR PURSUIT OF HIS CONTEMPT MOTION FOR APPELLANT'S FAILURE TO EXECUTE A DIVISION OF PROPERTY ORDER TO DIVIDE DEFERRED COMPENSATION BENEFITS IN THE CORRECT AMOUNT."

I

{¶7} Appellant challenges the trial court's determination that survivorship rights in appellee's STRS account were not included in the original agreed decree of divorce. Appellant claims the trial court erred in ordering her to sign a form relinquishing her survivorship rights and to reimburse appellee for his reduction in benefits. We agree.

{¶8} In its judgment entry filed December 28, 2011, the trial court ordered the following:

{¶9} "3. The plaintiff shall execute any documents necessary to effect the orders contained in item 6 of the parties' divorce decree within 14 days from the date that this judgment entry is filed.

{¶10} "4. The court OVERRULES the defendant's contempt motion as it relates to the plaintiff failing to execute the necessary papers to allow him to adjust his beneficiary and annuity status of his STRS account and finds the plaintiff not guilty of contempt.

{¶11} "5. The defendant is awarded a judgment in the amount of $7,445.52 for the monthly lost benefits of $413.64 per month resulting from plaintiff's failure to execute the documents referenced in paragraph 3 above.  This judgment includes January, 2012 and shall increase by $413.64 each month starting February, 2012 until such time that the STRS payments are adjusted to effect the orders contained in item 6 of the parties' divorce decree.  This judgment shall bear statutory interest from the date this judgment entry is filed."

{¶12} The agreed divorce decree filed March 30, 2010 awarded the division of the STRS account as follows:

{¶13} "6. Effective April 1, 2010, the plaintiff is awarded 10% (or $431.74) of the defendant's monthly payout from his State Teacher's Retirement Account as and for her share of this retirement account.  The defendant will execute a Division of Property Order to effectuate this provision.

{¶14} "7. Each party shall be awarded his or her own, individual accounts, remaining retirement, life insurance policies, employment benefits, or other assets, not otherwise awarded within this decree, free and clear of any further claim of the other."

{¶15} The 10% or $431.74 reflects the amount of appellee's survivorship election prior to the divorce. There is no mention of a non-survivorship calculation. However, as noted in ¶7 above, each party was awarded their remaining retirement amounts not included in ¶6. The survivorship rights were ordered vested in appellant at the time of the filing of the decree of divorce.

{¶16} Appellee argues appellant's share of his retirement benefits is only 10% with no rights of survivorship, as he was not required by the decree of divorce to keep the survivorship rights as originally elected.

{¶17} R.C. 3307.60 governs optional benefit plans for retirants. Subsection (A)(3) states the following:

{¶18} "(A) Upon application for retirement as provided in section 3307.58 or 3307.59 of the Revised Code, the retirant may elect a plan of payment under this division or, on and after the date specified in division (B) of this section, a plan of payment under that division. Under this division, the retirant may elect to receive a single lifetime benefit, or may elect to receive the actuarial equivalent of the retirant's benefit in a lesser amount, payable for life, and continuing after death to a beneficiary under one of the following optional plans:

{¶19} "(3) Option 3. The retirant's lesser benefit established as provided under option 1 or option 2 shall be paid for life to the sole beneficiary named at retirement, except that in the event of the death of the sole beneficiary or termination of a marital relationship between the retirant and the sole beneficiary the retirant may elect to return to a single lifetime benefit equivalent as determined by the state teachers retirement board, if, in the case of termination of a marital relationship, the election is made with

the written consent of the beneficiary or pursuant to an order of the court with jurisdiction over termination of the marital relationship."

{¶20} We would find appellee's argument feasible if the decree of divorce had only awarded a percentage amount. Once the percentage amount was actually computed, we find the amount to be definite and unambiguous. Therefore, the election for survivorship benefits remains. Accordingly, we order the definite amount of $431.74 be reinstated, and appellant is not required to waive her survivorship rights nor reimburse appellee the $7,445.52 amount.

{¶21} Assignment of Error I is granted.

II

{¶22} Appellant claims the trial court erred in finding her in contempt for failing to transfer $11,500.00 from her deferred compensation account to appellee as a property equalization payment. Appellant further claims the trial court erred in awarding attorney's fees. We disagree.

{¶23} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶24} The March 30, 2010 agreed decree of divorce included the following:

{¶25} "8. In order to achieve an equitable division of the marital assets and liabilities, the plaintiff shall transfer to the defendant the sum of Eleven Thousand, Five

Hundred Dollars ($11,500.00) on or before March 31, 2010. The plaintiff is responsible for any paperwork, outside of the decree, necessary to effectuate this transfer."

{¶26} After hearing the evidence, the magistrate found the following:

{¶27} "The Magistrate finds, with respect to both allegations, that the plaintiff's actions are consistent with those of one who had second thoughts regarding the agreement she had entered into and, after the fact, chose to ignore portions of the agreement that she no longer found acceptable.

{¶28} "***

{¶29} "***The plaintiff and her attorney agreed for him to prepare a proposed QDRO providing for $9,500.00 to be transferred to the defendant from her deferred compensation account rather than the $11,500.00 amount agreed upon by the parties and ordered by the Trial Court in the divorce decree.

{¶30} "***

{¶31} "The plaintiff's attorney presented the proposed QDRO providing for the $9,500.00 transfer to the Trial Court. The Magistrate finds that in doing this, plaintiff's attorney represented to the Trial Court that this proposed QDRO accurately reflected the order contained in the divorce decree. The Magistrate finds that this representation to the Trial Court was not accurate and that the plaintiff and her attorney knew that the proposed QDRO was not an accurate reflection of the order contained in the divorce decree.

{¶32} "***

{¶33} "The Magistrate finds that the plaintiff was a willing participant together with her attorney in perpetrating this fraud on the Trial Court. The Magistrate further

finds that in the course of perpetrating this fraud on the Trial Court, the plaintiff failed to transfer $11,500.00 to the defendant as ordered by the divorce decree. The Magistrate is firmly convinced of the truth of the defendant's contempt allegation in this respect. He determines that it is appropriate for the Trial Court to enter an order finding the plaintiff in contempt for failing to transfer $11,500.00 to the defendant as ordered as well as for her role in perpetrating a fraud on the Trial Court." Magistrate's Decision filed August 8, 2011.

{¶34} In its opinion filed December 1, 2011, the trial court found the following:

{¶35} "The Court agrees with the Magistrate's findings and conclusion as to the fact that plaintiff was fully aware of the agreement and order to pay the sum of $11,500.00 to the defendant. The Court finds that the plaintiff either instructed her attorney or complained to her attorney regarding her wish for a $2,000.00 offeset. The Court further finds that an improper DOPO [Division of Property Order] was then presented to this Court purporting to be in compliance with the Agreed Judgment Decree of Divorce. The plaintiff was fully aware of this improper order."

{¶36} Appellant's own defense was that appellee failed to pay her $2,000.00 in miscellaneous expenses as ordered and therefore she was justified in creating a self-help mechanism to achieve her goals. Appellant never filed a contempt motion on the $2,000.00, but permitted an inaccurate DOPO to be filed.

{¶37} Upon review, we find the trial court did not abuse its discretion in finding appellant in contempt on this issue and ordering her to pay appellee's attorney's fees to pursue the motion.

{¶38} Assignment of Error II is denied.

{¶39} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed in part and reversed in part.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


s/William B. Hoffman_____


s/ John W. Wise_____

JUDGES


SGF/sg 817

[Cite as *Frizzell v. Frizzell*, 2012-Ohio-4147.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NANCY G. FRIZZELL (HOHL) | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| REX C. FRIZZELL | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 12-CA-4 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is affirmed in part and reversed in part. Costs to be divided equally between the parties.

s/ Sheila G. Farmer_____

s/William B. Hoffman___ _____

s/ John W. Wise_____

JUDGES