[Cite as *Young v. Young*, 2020-Ohio-754.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MARGARET YOUNG | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2019CA00035 |
| TIMOTHY YOUNG | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 1997DR01641

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     March 2, 2020

APPEARANCES:

For Plaintiff-Appellee

ARNOLD F. GLANTZ
3722 Whipple Avenue, NW
Canton, Ohio 44718

For Defendant-Appellant

JOHN A. BURNWORTH
KRUGLIAK, WILKINS, GRIFFITHS
& DOUGHERTY CO., LPA
4775 Munson Street, NW
P. O. Box 36963
Canton, Ohio 44735-6963

*Wise, J.*

{¶1}    Appellant Timothy Young appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which imposed a sixty-day jail sentence against him for contempt of court. Appellee Margaret Young is appellant's former spouse. The relevant facts leading to this appeal are as follows.

{¶2}    Appellant and appellee were married in 1988.

{¶3}    On November 3, 1997, appellee filed a complaint for divorce in the Stark County Court of Common Pleas, Domestic Relations Division ("trial court"). Appellant did not thereafter file an answer or appear for the final hearing. The trial court issued a final decree of divorce on March 18, 1998, ordering *inter alia* that appellant pay the sum of $4,000.00 per month in spousal support, for a period of forty-eight months, commencing on May 1, 1998. The decree also mandated that appellant provide life insurance for appellee in connection with the spousal support obligation.

{¶4}    Appellee thereafter pursued numerous attempts to enforce the spousal support order and other divorce decree provisions, including registration/enforcement of the orders in West Virginia (appellant's State of residence) and court intervention by the Stark County CSEA. The trial court also issued a bench warrant for appellant's arrest in 2003.

### *Initial 2018 Proceedings*

{¶5}    More recently, on April 9, 2018, appellant, with the assistance of counsel, filed a "request for a status hearing" with the trial court.

**{¶6}** The matter proceeded to a hearing on April 17, 2018. At that time, the court cancelled the aforementioned warrant that had been issued in 2003, and ordered appellant to pay $21,000.00 to appellee toward his arrearages.

*August 2018 Contempt Motions*

**{¶7}** Appellee filed a motion to show cause against appellant on August 6, 2018, and a second motion to show cause against appellant on August 21, 2018. Appellant filed a motion to dismiss in part on September 12, 2018. The court scheduled a hearing for both contempt motions for September 18, 2018, which was thereafter converted to a pretrial set for October 15, 2018.

**{¶8}** The contempt matters then proceeded to a hearing before the chief magistrate on November 29, 2018.

**{¶9}** In her entry filed on December 3, 2018, the chief magistrate first determined that as to appellee's show cause motion of August 6, 2018, there was "insufficient clarity to find [appellant] guilty of contempt ***." Decision at 1.

**{¶10}** Also, as to the show cause motion of August 21, 2018, the chief magistrate found appellant not guilty of contempt for his alleged failure to provide health insurance. However, under another prong of the August 21, 2018 motion, the chief magistrate found appellant guilty of contempt for failing to maintain, as required by the divorce decree, a $200,000.00 life insurance policy for the period when his spousal support obligations remained ongoing. Furthermore, while noting appellant's laches argument, the chief magistrate, having concluded that appellant, conservatively speaking, still owed appellee at least $50,000.00 in spousal support arrearages, reasoned that appellant's failure to provide life insurance, "leaves [appellee's] rights in jeopardy even today." Decision at 2.

The magistrate then sentenced appellant to sixty days in the Stark County Jail and scheduled an imposition hearing for February 5, 2019. But the magistrate specifically noted she would *"consider limitation of jail sentence* upon a lump sum payment equal to the 4-17-18 bank account, and upon his attendance at a Debtor Examination to be conducted by either the Plaintiff's Ohio attorney or West Virginia attorney within 30 days." *Id.*, emphasis added. Finally, the magistrate indicated she would "address any purge conditions as under advisement to be included in a subsequent entry." *Id.*

**{¶11}** The imposition hearing went forward as scheduled before the judge on February 5, 2019. The court thereupon imposed the 60-day sentence and ordered appellant to report to the Stark County Jail on March 15, 2019. The trial court specifically found appellant had "failed to purge the finding of contempt." *See* Imposition Entry, February 6, 2019.

**{¶12}** Furthermore, in a written decision also issued on February 6, 2019, the chief magistrate among other things denied appellee's requested award of interest.

**{¶13}** On February 19, 2019, appellee filed an objection to the aforesaid chief magistrate's decision. Then, on February 28, 2019, appellant objected to the chief magistrate's decision on the basis that it had failed to provide purge conditions even though the December 3, 2018 decision had indicated that purge conditions would be forthcoming.

**{¶14}** On March 8, 2019, appellant filed a notice of appeal to this Court of the February 6, 2019 imposition judgment entry. However, because appellant's and appellee's objections to the magistrate's decision remained pending, appellant thereafter filed a motion for remand, citing App.R. 4(B)(2)(c). On May 21, 2019, this Court granted

said motion and remanded the matter to the trial court so it could rule upon the pending objections. On remand, the trial court found "[t]he provision for payment of a lump-sum payment and appearance for a debtor exam constitutes a condition for purge as required by law." Judgment Entry, June 6, 2019, at 1. In addition, the trial court approved and adopted the chief magistrate's decision in regard to the objections of February 19, 2019 and February 28, 2019. The trial court made no determination regarding whether appellant had satisfied the conditions, but it ordered the case returned to this Court.

**{¶15}** With leave from this Court, on July 3, 2019, appellant filed an amended notice of appeal to include an appeal from the trial court's June 6, 2019 judgment entry. The trial court has stayed the jail sentence during the pendency of the appeal.

**{¶16}** Appellant herein raises the following sole Assignment of Error:

**{¶17}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND APPELLANT IN CIVIL CONTEMPT OF COURT WITHOUT FIRST PROVIDING HIM WITH PURGE CONDITIONS RENDERING THE CONTEMPT JUDGMENT VOID."

I.

**{¶18}** In his sole Assignment of Error, appellant contends the trial court erred or abused its discretion by sanctioning him for contempt of court without providing him with purge provisions. We agree in part.

**{¶19}** "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 271 N.E.2d 815, paragraph two of the syllabus. "A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order." *Peach v. Peach,* Cuyahoga App. Nos. 82414 and 82500, 2003–Ohio–

5645, ¶ 37. But a sanction for civil contempt must allow the contemnor the opportunity to purge himself or herself of contempt. *See O'Brien v. O'Brien,* 5th Dist. Delaware No. 2003–CA–F12069, 2004–Ohio–5881, ¶ 68 (additional citations omitted).

**{¶20}** Typically, the failure to pay court-ordered spousal support is classified as a civil contempt. *See Fisher v. Fisher,* Fairfield App. No. 2008 CA 00049, 2009–Ohio–4739, ¶ 48. The parties herein do not appear to dispute that the proceedings below were in the nature of civil contempt.

**{¶21}** Generally, an appellate court's standard of review of a trial court's finding of contempt is abuse of discretion. *See State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). However, in this instance, we find the issue of the existence of a purge provision is a question of law, which we will review *de novo.*

**{¶22}** Appellant directs us to *Ruben v. Ruben,* 10th Dist. Franklin No. 12AP-717, 2013-Ohio-3924. In that case, the Franklin County Court of Common Pleas, Division of Domestic Relations ("trial court"), had conducted a hearing on the former wife's motions and found the appellant, former husband, in contempt of court for failure to pay spousal support and for failure to maintain a life insurance policy collateralizing the spousal support obligation. The trial court had thereupon sentenced former husband to thirty days in jail for the two contempt findings, but had set the matter for further hearing a few months later, as follows: "This matter shall come before the Court for further hearing on July 30, 2012 at 10:00 AM for purposes of review at which time the Court shall make a further finding relative to the imposition of the jail sentence." *Ruben* at ¶ 7, ¶ 38. The Tenth District Court of Appeals, noting that the parties agreed the contempt was civil in nature, concluded the trial court had erred in finding former husband in civil contempt without

including in its order an opportunity for former husband to purge the contempt. *Id.* at ¶ 37, ¶ 46. The Court also noted: "Notably absent from the court's [sentencing] order is any reference to an 'opportunity to purge' or 'purge conditions,' and the lack of specific purge language parallels a general lack of guidance as to the [trial] court's expectations of [appellant]." *Id.* at ¶ 38.

**{¶23}** In the case *sub judice*, as noted in our recitation of the facts, the chief magistrate ruled in her December 3, 2018 decision that the court would consider "limiting" the 60-day jail sentence if appellant made a lump-sum payment and attended a debtor's examination, and she indicated that purge provisions would be forthcoming. Subsequently, in the June 6, 2019 judgment entry under appeal, the trial court found these requirements to be purge conditions even though the magistrate had characterized them as reasons to merely limit the jail sentence, and she had indicated purge conditions would be addressed in a subsequent entry. However, in its ordinary usage, "purge" means "to get rid of." *People v. Ivy*, 2019 IL App (1st) 160400-U, ¶ 18 (Ill.App.) (unpublished), 2019 WL 1087409. We are also guided by the principle that due process must be observed in both civil and criminal contempt proceedings. *See Sano v. Sano*, 5th Dist. Stark No. 2010CA00252, 2011-Ohio-2110, ¶ 13, citing *In re Oliver* (1948), 333 U.S. 257, 274–275, 68 S.Ct. 499, 92 L.Ed. 682.

**{¶24}** We hold the trial court's utilization of a conditional limitation of jail time failed as a matter of law to afford appellant a proper opportunity to purge his contempt as required. Appellant's sole Assignment of Error is therefore sustained in part.[1]

---

[1] In so holding, we do not accept appellant's proposition that the contempt finding is "void" under the circumstances. *See* Appellant's Brief at 8.

{¶25} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby reversed and remanded for further proceedings, with directions to issue purge provisions regarding the chief magistrate's contempt finding issued on December 3, 2018.


By: Wise, J.

Hoffman, P. J., and

Gwin, J., concur.


JWW/d 0211