[Cite as *Lybbert v. Lybbert*, 2023-Ohio-4179.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| Jeffrey Lybbert, | : | Case No. 23CA9 |
| Petitioner 1-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Brittany Lybbert, nka Creech, | : | |
| Petitioner 2-Appellant. | : | **RELEASED 11/16/2023** |

_____
<u>APPEARANCES</u>:

Susan L. Gwinn, Athens, Ohio, for appellant.

Jeffrey Lybbert, Wheelersburg, Ohio, pro se.
_____
Hess, J.

{¶1}    Brittany Lybbert[1] appeals from a judgment holding her in contempt for failing to comply with the parties' shared parenting plan. Brittany challenges the court's finding that she summarily denied or completely ignored Jeffrey Lybbert's plainly requested weekend visitations. She contends that the court erred because she "negotiated with Jeffrey Lybbert about the weekend and gave him two weekends a month, not just the one weekend as required in the court order."

{¶2}    We find that the shared parenting plan gives Jeffrey the right to pick the weekend that he wants to exercise his parenting time with the children each month and then the plan permits the parties to negotiate for additional weekends in that month thereafter. The record shows that Brittany did not allow Jeffrey his choice of weekends.

---

[1] We spell Brittany's name the way it is spelled in the trial court's judgment entry. We note that it is also spelled "Brittney" in other places in the record.

We find that the trial court did not abuse its discretion when it held Brittany in contempt. We overrule the assignment of error and affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL HISTORY

{¶3}    Jeffrey and Brittany Lybbert married in 2006, had three children born during their marriage, and divorced in 2016. In March 2019, a shared parenting plan was submitted by the parties and adopted by the court. The relevant portion of the shared parenting plan provides:

> Father shall have parenting time one weekend per month from Friday at 6:00 p.m. through Sunday at 6:00 p.m., and any other times as agreed by the parties. Father shall give Mother no less than one (1) weeks' notice as to when he wishes to get the children for his weekend of parenting time for the month.

{¶4}    In January 2022, Jeffrey filed a motion for contempt in which he alleged that Brittany had repeatedly denied his choice of weekend visitation time despite giving her more than a seven-day notice. He alleged that Brittany denied his requested weekend visitation time in November and December of 2021 and January 2022, and on multiple other visitation times, such as April and May 2021.

{¶5}    In May 2022, the trial court held a hearing on Jeffrey's contempt motion as well as other issues. Jeffrey submitted an exhibit that identified the children's visitation schedule for 2021 up through October 2021. The visitation schedule shows multiple four-week gaps where Jeffrey had no visitation with his children. Jeffrey also provided testimony about his weekend visitation requests and submitted as an exhibit copies of his weekend visitation notices made via a parenting application for November and December 2021, and January 2022. Those requests show that Brittany's response to Jeffrey's November 2021 weekend vistation notice was, "We have plans." Her response to his

December 2021 weekend visitation notice was, "We have plans this weekend." Her response to his January 2022 weekend visitation notice was the statement, "Brittney Creech declined a request." Jeffrey also submitted an exhibit showing communications he had with Brittany in April and May 2021 in which he provided weekend visitation notices for those two months and her response was that she had him down for different weekends than those he had specified.

{¶6} The magistrate found Brittany in contempt, Brittany objected to the magistrate's findings, and the trial court overruled the objections and adopted the magistrate's findings of contempt.

> Father presented sufficient and direct evidence of the contempt allegations contained in the Motion for Contempt filed on January 14, 2022. Father plainly requested certain weekends, that were summarily denied by Mother or completely ignored. This was through the Court ordered parenting App for the Months of April, May, November, December of 2021 and January 2022. Although the way the previous decision set this schedule was set up [sic] may not be convenient for one party, it was negotiated and placed on the record as an Order of this Court. Therefore, Mother shall be found in contempt for willfully violating the Court's order.

{¶7} Brittany appealed.

## II. ASSIGNMENT OF ERROR

{¶8} Brittany presents one assignment of error:

> The trial court erred in finding that Brittney Lybbert, nka Creech was in contempt on the January 14, 2022 filing by Father, Jeffrey Lybbert, for failing to provide Jeffrey Lybbert with his one court ordered weekend per month but instead negotiated with Jeffrey Lybbert about the weekend and gave him two weekends a month not just the one weekend as required in the court order.

## III. LAW AND ANALYSIS

{¶9} Brittany contends that the trial court erred in holding her in contempt because Jeffrey testified that he got two or more weekend visits in each of the five months

that she was found in contempt.  She argues that Jeffrey got two weekend visits in April and May 2021, which demonstrates that the court's finding that she denied him his weekend visit in those two months was against the manifest weight of the evidence.

{¶10}  "This court reviews a finding of civil contempt under the abuse of discretion standard." *Freeman v. Freeman,* 4th Dist. Lawrence No. 16CA14, 2016-Ohio-7565, ¶ 6; *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991).  An abuse of discretion is "an unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken." *State v. Brady,* 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.

{¶11}  Here the contempt finding is based on the trial court's interpretation of the parties' shared parenting plan which was incorporated into the divorce decree. There is "a distinction in the standard of review of a trial court's interpretation of a divorce decree that incorporates the parties' separation agreement and one that does not." *Freeman* at ¶ 10. "Where a divorce decree incorporates the terms of the parties' separation agreement, the normal rules of contract interpretation generally apply to ascertain the meaning of any ambiguous language. Because the interpretation of a written contract is a question of law, an appellate court reviews de novo a trial court's interpretation of the parties' separation agreement as incorporated into the divorce decree." *Id.* However, when the divorce decree contains terms ordered by the trial court, the court's interpretation or clarification of what it intended in the decree is within the court's discretion and an abuse of discretion standard applies. *Id.* Therefore, we will review de novo the shared parenting provision and the trial court's finding of contempt under the abuse of discretion standard.

{¶12} We agree with the trial court's interpretation of the shared parenting provision. It is not ambiguous. First, Jeffrey is entitled to select the weekend he wants for his parenting time each month and give Brittany not less than one week's notice. After that, additional weekend visitation may then be agreed to by the parties. The weekends that Brittany alleges were weekends in April and May 2021 that she negotiated are the additional weekend visitations that may be agreed to by the parties – but Jeffrey is also entitled to select a weekend of his choice and, as long as he provides Brittany not less than one week's notice, he is entitled to visitation on that weekend. Jeffrey repeatedly gave Brittany timely notice of his selected weekend visitation dates, but she refused to provide visitation or, at least on one occasion, declined to acknowledge his request.

{¶13} Brittany has not demonstrated that the trial court abused its discretion. Brittany did not provide visitation on the weekends Jeffrey provided timely weekend visitation notices. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.

{¶14} We note that in his brief, Jeffrey requested that Brittany's appeal be dismissed as frivolous and that she be declared a vexatious litigator. However, a separate civil action must be filed to have a person declared a vexation litigator. R.C. 2323.52(C). Jeffrey has not followed the proper procedure to have Brittany declared a vexatious litigator and we decline to dismiss the appeal as frivolous.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**