[Cite as *In re Contempt of Modic*, 2011-Ohio-5396.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96598

# IN RE:   CONTEMPT OF
# BILL MODIC D.B.A. BILL'S TRANSMISSION

In the matter styled:
Kevin Mitchell, Plaintiff-Appellee
vs.
Bill Modic d.b.a. Bill's Transmission, Defendant-Appellant

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No.   2008 CVF 26902

**BEFORE:**   Keough, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   October 20, 2011

**ATTORNEY FOR APPELLANT**

John M. Manos
739 East 140th Street
Cleveland, OH 44110

**ATTORNEYS FOR APPELLEE**

Thomas L. Brunn, Jr.
Alison Ramsey
The Brunn Law Firm Co., LPA
208 Hoyt Block Building
700 West St. Clair Avenue
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn*. (1983), 11 Ohio App.3d 158, 463 N.E.2d 655; App.R. 11.1(E).

{¶ 2} Defendant-appellant, Bill Modic d.b.a. Bill's Transmission ("appellant"), appeals from the trial court's decision finding him in indirect civil contempt for failing to abide by the trial court's stay of execution of the judgment appellant obtained against plaintiff-appellee, Kevin Mitchell ("appellee"). For the reasons that follow, we affirm.

{¶ 3} In 2009, following a hearing before a magistrate, appellant obtained a $1,700 judgment against appellee. On October 2, 2009, the same day the magistrate filed his written opinion, the trial court adopted the magistrate's decision. On October 7, appellee, acting pro se, filed a request for findings of fact and conclusions of law and a week later, on October 14, filed "[a] notice of appeal and[/]or objections of magistrate's decision"; however, the word "appeal" was crossed out presumedly by the appellee. This "notice" provided that appellee was appealing and or objecting to the magistrate's decision awarding judgment "in favor of [Modic] in the amount of $1,700 and cost [and] also granting transfer of title of the vehicle listed in the original complaint into [Modic's] name." This same day, appellee moved the trial court for an order of stay of execution of judgment pending appeal and or objections to the magistrate's decision. The motion expressly provided that the appellee was requesting a stay of execution of the $1,700 judgment, and also a stay "of the [t]ransfer of title of the 2000 Lincoln LS automobile pending outcome of the appeal." The trial court immediately granted appellee's request for stay.

{¶ 4} The following day, appellee timely filed objections to the magistrate's decision, which invoked an automatic stay pursuant to Civ.R. 53(D)(4)(e)(I).[1] On

---

[1] Civ.R. 53(D)(4)(e)(I) provides that "[i]f the court enters a judgment during the fourteen days permitted * * * for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."

December 2, 2009, appellant sought and ultimately obtained title to appellee's vehicle by filing an Unclaimed Motor Vehicle Affidavit.

{¶ 5} On March 2, 2010, the trial court overruled appellee's objections to the magistrate's decision, rendered appellee's request for stay as moot, and terminated any stay in the case. In April 2010, appellee filed a post-judgment motion to hold appellant in contempt of court, contending that appellant violated the trial court's order of stay by obtaining title to the 2000 Lincoln vehicle.

{¶ 6} Appellant did not attend the hearing on appellee's motion, and on January 4, 2011, the trial court found appellant in contempt, but offered him an opportunity to purge at a subsequent hearing. A week later, on January 12, appellant filed a Civ.R. 60(B)(5) motion for relief from judgment claiming the trial court lacked jurisdiction to hold him in contempt because no order existed that appellant could have violated. Following a hearing on appellant's motion and considering whether appellant could purge the contempt order, the trial court denied the motion and refused to purge the contempt order against appellant. Appellant now appeals.

{¶ 7} We review a finding of contempt under an abuse of discretion standard. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. An "abuse of discretion" connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 8} Appellant makes the same argument on appeal that he raised with the trial court: that the trial court lacked jurisdiction to find him in contempt because no order

existed from which appellant could be held in contempt. The crux of appellant's argument is that appellee never perfected an appeal to this court, and therefore, the motion of contempt was a "nullity." We disagree because appellee's "notice of appeal and or objections to the magistrate's decision" was correctly viewed by the trial court as objections to the magistrate's decision. Therefore, the fact that appellee never filed an appeal with this court is of no consequence.

{¶ 9} Notwithstanding the automatic stay imposed pursuant to Civ.R. 53(D)(4)(e)(I), the trial court's October 14, 2009 order of stay expressly prohibited appellant from executing the judgment obtained against appellee, and also from obtaining title to appellee's vehicle while appellee's objections to the magistrate's decision were pending. When appellant decided to obtain title to appellee's vehicle during the stay period, appellant clearly violated an order of the trial court.

{¶ 10} Accordingly, we find that the trial court did not abuse its discretion in finding appellant in indirect civil contempt because the automatic stay of judgment pursuant to Civ.R. 53 and the trial court's October 14, 2009 order of stay were not lifted until March 2, 2010, when the trial court overruled appellee's objections to the magistrate's decision previously entered. When appellant sought title to appellee's vehicle on December 2, 2009, he violated the stay imposed. Appellant's assignment of error is therefore overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR