[Cite as *Wojanowski v. Wojanowski*, 2017-Ohio-11.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 103695

---

# DEBORAH WOJANOWSKI

### PLAINTIFF-APPELLANT

### vs.

# PETER WOJANOWSKI

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-11-339379

**BEFORE:** Kilbane, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 5, 2017

**ATTORNEY FOR APPELLANT**

Justin M. Smith
J.M. Smith Co., L.P.A.
520 Tower East
20600 Chagrin Boulevard
Shaker Heights, Ohio 44122


**ATTORNEYS FOR APPELLEE**

James L. Simon
Andrew J. Simon
Law Office of Andrew J. Simon
6000 Freedom Square Drive
Building II, Suite 165
Independence, Ohio 44131

MARY EILEEN KILBANE, P.J.:

{¶1}   Plaintiff-appellant, Deborah Wojanowski ("wife"), appeals from the judgment of the Cuyahoga County Common Pleas Court, Domestic Relations Division, denying her motion for attorney fees in connection with various postdecree contempt motions against defendant-appellee, Peter Wojanowski ("husband"). For the reasons set forth below, we affirm.

{¶2}   The parties were married in 1987. On November 22, 2011, wife filed for divorce.[1]  In March 2013, the parties were granted a divorce. The trial court divided the marital property, awarded wife spousal support of $4,500 a month until remarriage or cohabitation, and awarded her attorney fees of $25,000. The trial court also ordered as follows:

> Within seven (7) days * * * the parties shall agree upon a listing agent and a listing price. In the event that they cannot or do not agree upon a listing agent, [husband] shall select the listing agent. In the event that the parties cannot agree upon a listing price the listing agent shall determine the listing price. In the event that the [marital residence] is not sold within ninety (90) days of being listed [husband] may reduce the listing price. The parties shall accept any offer that is within fifteen percent (15%) of the listing price. Each party shall sign all documents necessary to list the [marital residence] for sale and shall take any and all steps necessary to effectuate the sale. Neither party shall take any action to hinder the sale of the [marital residence].

> [Wife] shall receive one-half of the * * * retirement assets[.]

---

[1]The record indicates that the wife first filed for divorce in 2010. Several months later, after the trial court issued an order directing that the marital home in Brecksville, Ohio be listed for sale at no less than $272,000 and that the parties "accept any offer within 10% of the listing price," wife dismissed her complaint.

\* \* \*

[Husband shall also transfer to wife]:

1.  $46,675.11 from the Ohio Catholic Credit Union[.]
2.  $33,828.40 from the PNC Money Market account[.]
3.  One-half (½) of the funds on deposit in the PNC
             checking
             account[.]
4.  One-half (½) of Third Federal CD Account[s.]
5.  One-half (½) Merrill Lynch CMA Sub account[.]
6.  One-half (½) of Merrill Lynch CMA Sub account[.]

{¶3} Husband appealed the trial court's 2013 judgment to this court. *See Wojanowski v. Wojanowski*, 8th Dist. Cuyahoga No. 99751, 2014-Ohio-697 ("*Wojanowski I*"). This court affirmed in part, reversed in part, and remanded in order for the trial court to: (1) explicitly divide the proceeds of the sale of the marital home; (2) correct calculation errors made in dividing the Ohio Catholic Credit Union Account and PNC money market accounts; and (3) determine the value of various personal property.[2] *Id.*

{¶4} Following *Wojanowski I*, both parties filed a series of motions to show cause with requests for attorney fees in which they accused the other of failing to comply with court orders. On May 17, 2013, wife filed a motion to show cause alleging that husband withdrew funds from the Ohio Catholic Credit Union, PNC Money Market, PNC checking account, and Merrill Lynch sub accounts, and failed to preserve her portion of the funds. On July 19, 2013, husband filed a motion to show cause in which he alleged

---

[2] All of these matters were rectified following a hearing on remand in April 2014.

that wife had not paid the mortgage for several months and "has taken steps to hinder the sale of the [marital residence]." On September 3, 2013, wife filed a motion to show cause alleging, inter alia, that husband refused to agree to various repairs at the marital home, thereby preventing her from listing the property for sale.

{¶5} On March 28, 2014, the parties advised the court that they had reached an agreement regarding additional ongoing disputes, including tax issues from 2010 to 2012, and that wife had received $40,184 from the Ohio Catholic Credit Union account, and $29,542 from the PNC account. Thereafter, on April 16, 2014, the parties filed a joint notice of dismissal of the pending motions to show cause, in which they dismissed their respective motions without prejudice and indicated that each "party shall pay his/her own attorney fees." They reserved the right, however, to reassert these issues dating back to the original pleadings if the issues remained unresolved.

{¶6} The following month, on May 28, 2014, husband filed a motion to show cause in which he asserted that there was a potential buyer for the home but wife failed to cooperate with the sale, refused requests to show the home, and failed to pay the mortgage. On June 2, 2014, wife filed a motion to show cause alleging that husband refused to fund repairs needed in order to complete "recommended" repairs to maximize the selling price of the home. She further alleged that husband owed her $20,893 from the Merrill Lynch sub accounts, $25,000 from the 2013 award of attorney fees, and various retirement account funds.

**{¶7}** On June 16, 2014, husband filed a motion to show cause, alleging that his realtor obtained an offer to purchase the home for $300,000, or more than the listing price, but wife refused to accept that offer. On October 7, 2014, wife filed a motion for sanctions after husband left his postdecree deposition. On December 16, 2014, the parties entered into an agreed judgment entry regarding "pending matters," notifying the court that they agreed to sell the marital residence "as is" without making additional repairs. On December 23, 2014, the trial court issued an order in which it concluded that the parties' agreed entry was fair, just, and equitable, and noting that each party had "waived their rights."

**{¶8}** On February 12, 2015, wife filed another motion to show cause and request for attorney fees, again alleging that husband refused to fund repairs needed in order to complete "recommended" repairs to maximize the selling price of the marital residence. These "repairs" included replacing most of the carpeting because of pet damage, roof repair, door repair, and painting. On February 17, 2015, wife moved to vacate the December 2014 agreed entry in which she agreed to sell the marital residence "as is."

**{¶9}** The matter proceeded to trial before a magistrate over four days from February 2015 to April 2015. On July 8, 2015, the magistrate issued a 38-page decision. In relevant part, the magistrate found husband in contempt of court for failing to pay his portion of the costs for repairs necessary to sell the marital residence and for failing to transfer one-half of the Merrill Lynch sub accounts to wife. The magistrate also noted that wife had hired and fired six attorneys through the course of the litigation. The

magistrate found wife in contempt of court for hindering the sale of the property, refusing to cooperate with the listing agents, and refusing to accept a purchase offer.

{¶10} As to attorney fees, the magistrate noted that husband incurred attorney fees of $24,139 and wife incurred attorney fees of $25,998 for postdecree representation. The magistrate denied husband's motion for attorney fees in light of his violation of court orders and the large disparity in the parties' incomes — husband's yearly income is $130,000-$140,000, whereas wife's sole income is her $4,500 monthly spousal support award. The magistrate also denied wife's motion for attorney fees, noting that she had previously been awarded $25,000 in the divorce action. Additionally, the magistrate concluded that it would not be equitable to award wife attorney fees because she waived her right to attorney fees in the April 16, 2014 agreed entry.

{¶11} Both parties filed objections to the magistrate's decision. After reviewing the decision and the transcript of the proceedings, the trial court sustained husband's objections and determined that he was not in contempt of court in connection with the sale of the marital residence. The court overruled wife's objections. The trial court likewise denied both parties' motions for attorney fees.

{¶12} Wife now appeals, assigning five errors challenging the denial of her motion for attorney fees.

### Assignment of Error One

The trial court erred by failing to find that the parties' disparity [in income] warranted the award of attorney's fees to Appellant and that Appellee's sanctions merited treble damages according to statute.

Assignment of Error Two

The trial court erred by inappropriately applying the law relating to the award of attorney's fees and erred in its review of the requisite factors for award.

Assignment of Error Three

The trial court erred in denying Attorney Rabb's fees and finding Attorney Rabb's fees were res judicata and from a previous proceeding.

Assignment of Error Four

The trial court improperly found that the Agreed Journal Entry of April 16, 2014 precluded an award of attorney fees.

Assignment of Error Five

The trial court erred by not allowing Attorney Smith to testify as to his attorney's fees and in finding no evidence of Appellant's attorney's fees was presented.

Postdecree Attorney Fee Awards

{¶13} In her first and second assignments of error, wife asserts that the trial court erred in failing to award her attorney fees because husband's income is far greater than hers and he dissipated assets, thereby entitling her to a distributive award under R.C. 3105.171(E)(4).

{¶14} Postdecree attorney fees are governed by R.C. 3105.73, which states:

(B)  In any post-decree motion or proceeding that arises out of an action for divorce, * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award

equitable. In determining whether an award is equitable, the court may consider the parties' incomes, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

**{¶15}** This statute gives a trial court broad discretion to award attorney fees and litigation expenses if it finds the award equitable. *Cutter v. Cutter*, 8th Dist. Cuyahoga No. 96375, 2012-Ohio-358, ¶ 26. In deciding whether to award attorney fees, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets. *Id.* On appeal, the trial court's decision is reviewed under an abuse of discretion standard. *Id.*; *In re Contempt of Modic*, 8th Dist. Cuyahoga No. 96598, 2011-Ohio-5396, ¶ 7, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). The reviewing court places great reliance upon the discretion of the judge, both in the finding of contempt and the penalty imposed. *Radford v. Radford*, 8th Dist. Cuyahoga Nos. 96267 and 96445, 2011-Ohio-6263, ¶ 36; *In re Contempt of Feng*, 8th Dist. Cuyahoga No. 95749, 2011-Ohio-4810, ¶ 54.

**{¶16}** Distributive awards are governed by R.C. 3105.171, which provides:

(E)(4) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.

**{¶17}** A trial court has broad discretion to make a distributive award to a spouse in order to compensate for the financial misconduct of the other spouse. *Trolli v. Trolli*, 8th Dist. Cuyahoga No. 101980, 2015-Ohio-4487, ¶ 50-51.

**{¶18}** The record clearly indicates that the trial court was aware of the large disparity in the parties' incomes — husband earns $130,000-140,000 per year, whereas wife's sole income is $4,500 monthly spousal support. The court noted, however, that wife was awarded $25,000 for attorney fees during the 2013 divorce proceedings. In analyzing whether a postdecree award was also justified, the magistrate found that, after "considering the factors in R.C. 3105.73(B), * * * it is not equitable to award attorney's fees[.]" The court also analyzed the conduct of both parties at length and ultimately found the wife, and not the husband, in contempt of the court's orders.

**{¶19}** As to the issue of dissipation of assets in the PNC and Third Federal bank accounts, the magistrate found:

> The parties had already been litigating the enforcement of the transfer of the financial accounts when the April 4, 2014 order [on remand] was issued. In connection with that litigation the parties independently made an agreement, which the Court ordered into effect on March 28, 2014, that [husband] was to pay [wife] $40,184.53 "which represents [wife's] full share of the Ohio Catholic Credit Union account" and $29,542.29 "which represents [wife's] full share of the PNC accounts." The parties further stipulated that [husband's attorney would pay wife $101,600 that had been deposited into his IOLTA account]. * * *
>
> [Wife] admitted that she received $40,184.53 and $29,542.29 by way of * * * two checks. She also conceded that she received her 50% share of the Third Federal accounts within a month of the decree. [Husband] testified it was about $110,000. Her complaint now is that she did not receive the interest that was due[.]

The Court finds that [wife] has not made a prima facie showing of contempt[.]

**{¶20}** Similarly, as to the tax issues, the magistrate outlined the tax issues from 2010-2012, and that they entered into an agreement on March 28, 2014, setting forth the manner in which those issues would be handled. Essentially, husband had a dispute regarding the 2010 tax liability with the IRS and ultimately received a joint return refund of $23,445. There was conflicting evidence in the record as to whether wife received her share of this refund, but ultimately, wife admitted on cross-examination that she did receive her share of this refund. The record also indicates that husband received and kept joint return refunds of $4,208 for 2011, and $4,415 for 2012, and wife received and kept a joint tax return refund of $3,080 in 2014. After thoroughly analyzing the evidence and computing the relative liabilities, the magistrate concluded that husband owed wife $2,539.13.

**{¶21}** In accordance with all of the foregoing, we find no abuse of discretion. Both parties engaged in recriminations and neither party was as forthcoming with one another nor with the court as they should have been. Ultimately, husband was not found in contempt of court, but wife was found in contempt. Despite the disparity in incomes, the trial court was well within its discretion to determine that wife was not entitled to attorney fees.

**{¶22}** The first and second assignments of error are without merit.

Attorney Rabb's Fee

**{¶23}** In her third assignment of error, wife argues that the trial court erred in concluding that res judicata barred her from recovering Attorney Rabb's fees incurred prior to January 2013. The wife insists that the fees are from current postdecree motions and were incurred from May 2013 to January 2014.

**{¶24}** The record does not support wife's contentions. The magistrate permitted Attorney Rabb to testify at length about his postdecree legal fees and expenses, and an itemized fee statement was introduced into evidence. The magistrate found that Rabb's "total fees for post-decree representation * * * were $25,998.54, [including] time for an associate and a paralegal, up until [wife] discharged him in early January 2013 [sic]."[3] The magistrate further noted that "Rabb distinguished the portion of his total bill that related to his post-decree representation in the matters relating to the alleged contempt from other matters by placing a check mark on the invoices." However, the court concluded that an award of attorney fees for wife's postdecree representation was not equitable. The court likewise denied husband's motion for postdecree attorney fees. Having reviewed the record in its entirety, we conclude that the third assignment of error lacks support in the record. Accordingly, it is without merit and is overruled.

<u>April 16, 2014 Joint Notice of Dismissal</u>

**{¶25}** In her fourth assignment of error, wife asserts that the trial court erroneously held that the April 16, 2014 Joint Notice of Dismissal in which the parties agreed to pay

---

[3]On page 4 of the decision, the magistrate correctly noted that Rabb was granted leave to withdraw on January 22, 2014.

his or her own attorney fees bars her from recovering attorney fees incurred as of that date. Wife complains that she did not sign this notice, and that the notice pertained only to attorney fees for those particular motions.

{¶26} Where parties, who are represented by counsel, enter into agreements that are read into the record, their agreements are enforceable. *Thomas v. Thomas*, 5 Ohio App.3d 94, 101, 449 N.E.2d 478 (5th Dist.1982); *Richmond v. Evans*, 8th Dist. Cuyahoga No. 101269, 2015-Ohio-870, ¶ 19.

{¶27} In this matter, the Joint Notice of Dismissal provides that wife, "by and through counsel," voluntarily dismissed and withdrew her May 17, 2013 and July 19, 2013 motions to show cause. The notice further indicates that the parties "stipulate that the majority of the issues presented in said Motions have been resolved by agreement," and that each party would pay his or her own attorney fees. That provision was initialed by both parties. The record additionally reveals that on December 16, 2014, the parties again advised the court that they "resolved their differences by agreement," and "waived their rights under the Civil Rules." Therefore, the record demonstrates that the wife made a voluntary and deliberate choice to waive attorney fees incurred as of April 16, 2014, and the trial court was well within its discretion in giving full force and effect to that agreement.

{¶28} The fourth assignment of error is without merit.

Attorney Smith's Testimony

**{¶29}** In her fifth assignment of error, wife complains that the trial court erred in refusing to permit Attorney Smith to testify about his attorney fees in this matter.

**{¶30}** The decision to admit or exclude evidence lies in the sound discretion of the trial court. *Gupta v. Gupta*, 8th Dist. Cuyahoga No. 99005, 2013-Ohio-2203, ¶ 81. Absent an issue of law, this court therefore reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review. *Id.* Moreover, in Ohio, pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. *Temple v. Temple*, 8th Dist. Cuyahoga Nos. 83758 and 83797, 2005-Ohio-92, ¶ 78. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. *Id.*

**{¶31}** In this matter, the record indicates that by the time of the hearing on all of the outstanding postdecree motions, wife was represented by Attorney Asseff, and Attorney Smith entered a limited appearance for the sole purpose of representing wife in finding a buyer for the marital residence and completing a sales contract. The magistrate subsequently learned that wife had terminated Attorney Asseff during the hearing. The magistrate then excused Asseff and wife concluded her case pro se. After both parties rested and the exhibits were admitted, wife sought to have Attorney Smith testify on the issue of attorney fees. The magistrate refused to permit wife to introduce evidence after the parties had both rested, noting that Attorney Smith had entered only a limited appearance, and his name was not on the witness list. In light of the fact that Attorney Smith represented wife only in connection with the sale of the home, we find no abuse of

discretion in the court's refusal to permit him to testify to the larger issue of attorney fees.

Moreover, acting pro se, wife is held to the same standards as a licensed attorney.

**{¶32}** The fifth assignment of error is overruled.

**{¶33}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA A. BLACKMON, J., CONCUR