CAMPBELL INVESTORS et al.

v.

TPSS ACQUISITION CORPORATION; Consolidated Capital of North
America, Inc., Appellant; DeNune, Receiver, Appellee.

[Cite as *Campbell Investors v. TPSS Acquisition
Corp.*, 152 Ohio App.3d 218, 2003-Ohio-1399.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–02–1073.

Decided March 21, 2003.

Timothy J. Kincaid, Thomas R. Merry and Graham D. Guthrie, for appellant.

Stephen B. Mosier and Mark A. Davis, for appellee.

PIETRYKOWSKI, Judge.

{¶ 1} This appeal arises from a judgment of the Lucas County Court of Common Pleas that granted the motion of the court-appointed receiver, appellee Ralph DeNune III, to enter into an assignment agreement.

{¶ 2} The facts of this case were presented to the court below through various motions and briefs, although never by way of affidavit or other sworn testimony. Nevertheless, because the core facts of this case as presented by the parties are not in dispute, we will accept those facts as true.

{¶ 3} In January 1999, TPSS Acquisition Corporation ("TPSS"), a wholly owned subsidiary of appellant, Consolidated Capital of North America, Inc. ("Consolidated"), purchased the assets and assumed the liabilities of Toledo Pickling and Steel Sales, Inc. ("Toledo Pickling"). One such liability was a $3,166,362.88 debt that Toledo Pickling owed to U.S. Steel Group, a unit of USX Corporation ("USX"), pursuant to an agreement known as the "Stocks Abroad Agreement." In conjunction with the TPSS purchase of Toledo Pickling, Consolidated entered into an agreement with USX under which USX agreed to cancel the Toledo Pickling debt in exchange for common stock in Consolidated with a market value of $1,000,000, a promissory note in the amount of $2,000,000, and a cash payment of $166,362.88. Consolidated subsequently defaulted on the prom-

issory note. Thereafter, USX filed an action against TPSS in the Lucas County Court of Common Pleas alleging that TPSS had wrongfully removed and/or sold USX steel in its possession in violation of the Stocks Abroad Agreement.

{¶ 4} On August 12, 1999, Campbell Investors, FINOVA Capital Corporation and National Bank of Canada ("plaintiffs"), filed suit against TPSS, alleging that TPSS had defaulted on a lease and on various loans. The plaintiffs also filed an emergency motion for the appointment of a receiver to take possession and control of TPSS's property and prevent dissipation or waste of the corporate property and assets. On August 20, 1999, the lower court appointed appellee Ralph DeNune III as receiver "of TPSS's assets including without limitation, all inventory, goods, accounts receivable, intellectual property, all contract rights, equipment, fixtures and general intangibles, whether now owned or hereafter owned or acquired and all proceeds of the Receivership Property." At the conclusion of the court's order, the court stated that the order "may be modified or amended, upon motion by any party-in-interest, and upon notice and hearing."

{¶ 5} Subsequently, on November 3, 1999, USX obtained a default judgment in its action against TPSS in the amount of $1,138,520.38 plus interest, other costs, and attorney fees.

{¶ 6} On June 19, 2001, DeNune filed a motion for authority to file a complaint in federal court against Consolidated and other defendants for the purpose of recovering TPSS funds that DeNune alleged were fraudulently transferred to Consolidated. In an order of July 25, 2001, the trial court granted DeNune's motion for authority to file suit. Consolidated did not appeal that order. Thereafter, DeNune filed a motion for authority to execute an assignment agreement, the motion that is the subject of this appeal. In that motion, DeNune asked the court for an order allowing him to execute an assignment agreement under which USX would assign to DeNune its claims against Consolidated. DeNune asserted that the purpose of the assignment was to allow him, as the receiver, to include in the federal suit claims for conversion of steel, federal securities laws violations, unjust enrichment, fraud, negligent misrepresentation, and failure to pay under the terms of a promissory note.

{¶ 7} On February 21, 2002, the trial court issued an opinion and judgment entry granting DeNune's motion, finding that R.C. 2735.04 permits the marshaling of claims against the estate as well as the marshaling of assets. Because the assignment would permit DeNune to obtain other assets of the estate, the court concluded that it would benefit all of the claimants against the estate and that therefore a modification of the emergency order appointing the receiver was appropriate. It is from that judgment that Consolidated now appeals, assigning the following as error:

{¶ 8} "Assignment of Error No. 1

{¶ 9}  "The trial court erred in granting plaintiff's motion for authority to execute the assignment agreement because accepting the assignment of claims of a third-party is outside the scope of the receiver's authority pursuant to Ohio Revised Code 2735.04 and the emergency order appointing receiver.

{¶ 10}  "Assignment of Error No. 2

{¶ 11}  "The trial court erred in ordering that the receiver is granted the authority to incorporate the assignment agreement and any claims pertaining thereto into the receiver's previously approved complaint and to file a revised complaint in federal court against the parties previously identified and/or any additional parties.

{¶ 12}  "Assignment of Error No. 3

{¶ 13}  "The trial court erred by improperly granting the receiver authority to pursue claims on a promissory note executed by Consolidated Capital that is not an asset of the receivership estate."

{¶ 14}  Because appellant's assignments of error all challenge various aspects of the trial court's order authorizing DeNune to execute the assignment agreement, we will address them together.  Each of appellant's assignments of error, however, require a preliminary discussion of the powers of a receiver and the appropriate standard of review to apply to this appeal.

{¶ 15}  R.C. 2735.01(E) provides that a judge of a common pleas court may appoint a receiver when a corporation is insolvent or in imminent danger of insolvency.  A receiver's primary function is to carry out the orders of the appointing court.  *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 73–74, 573 N.E.2d 62.  In this regard, R.C. 2735.04 provides that "[u]nder the control of the court which appointed him * * * a receiver may bring and defend actions in his own name as receiver, take and keep possession of property, receive rents, collect, compound for, and compromise demands, make transfers, and generally do such acts respecting the property as the court authorizes."  In *Gibbs*, supra, 60 Ohio St.3d at 74, 573 N.E.2d 62, the Supreme Court of Ohio interpreted R.C. 2735.04 as "enabling the trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it deems appropriate."  Accordingly, the court determined that in receivership actions, an appellate court will not disturb a trial court's judgment regarding a receiver's powers absent a showing of an abuse of discretion.  Id. That is, unless it is demonstrated that a trial court's judgment was unreasonable, arbitrary, or unconscionable, we will not disturb a trial court's ruling in a receivership matter.

{¶ 16}  Appellant first asserts that there is no legal precedent authorizing the trial court to expand its order appointing the receiver so as to allow the

receiver to accept the assignment of third-party claims for the benefit of unsecured creditors of the receivership estate. More specifically, appellant contends that the receivership estate in the present action was created for the benefit of the secured creditors of TPSS and that the trial court abused its discretion by allowing the receiver to accept an assignment of claims by an unsecured creditor who was never a party to the underlying action. For the following reasons we disagree.

{¶ 17} First, the trial court's initial order appointing DeNune as the receiver specifically provided that "[t]he Receiver is authorized to take any other actions upon notice and hearing that the Receiver deems necessary to protect the Receivership Estate." The order further provided that "[t]his Judgment Order may be modified or amended, upon motion by any party-in-interest, and upon notice and hearing." Accordingly, in creating the receivership, the court did not limit the receiver's authority only to taking action to benefit the petitioning creditors. Moreover, one of the receiver's duties under R.C. 2735.04 is to acquire and keep the property of the estate. An assignment is defined by Black's Law Dictionary (6th Ed.Rev.1991) 79, as "[t]he act of transferring to another all or part of one's property, interest, or rights." Accordingly, DeNune had the authority to accept an assignment of USX's claims against Consolidated where those claims directly affected the receivership estate.

{¶ 18} Finally, we find the case of *Milo v. Curtis* (1994), 100 Ohio App.3d 1, 651 N.E.2d 1340, to be instructive on this issue. In *Milo,* the Ninth District Court of Appeals relied on *Consol. Rail Corp. v. Fore River Ry. Co.* (C.A.1, 1988), 861 F.2d 322, 327, to conclude that "the trial court may, in its discretion, continue the receivership for the benefit of other creditors even though the judgment of the petitioning creditor has been satisfied." *Milo,* supra, at 7, 651 N.E.2d 1340. The court reached this conclusion despite the fact that the "other creditors" were not parties to the case. The court then stated that, before deciding whether to terminate the receivership, the trial court should consider the fact that the petitioning creditors have been paid, and all other facts and circumstances in the case, including any relevant equitable considerations. We therefore conclude that both statutory and case-law precedent supported the trial court's approval of the assignment agreement.

{¶ 19} Appellant next asserts that the trial court erred in approving the assignment agreement because the claims that DeNune seeks to add to his federal suit are frivolous. More specifically, appellant contends that because the federal court will likely dismiss the claims for lack of standing and/or res judicata, the trial court should have denied DeNune's motion. The merit of the receiver's claims against Consolidated, however, was not before the trial court and is not before this court.

{¶ 20}  Finally, appellant asserts that the trial court improperly granted the receiver the authority to pursue claims on a promissory note that was never an asset of the receivership estate.

{¶ 21}  In the present case, the trial court authorized the receiver to file suit against Consolidated and others alleging in part that Consolidated fraudulently deprived TPSS of its assets and, thereby, wrongfully deprived the TPSS creditors of their property.  Consolidated did not appeal that order.  Through the lawsuit, the receiver sought to recover funds belonging to TPSS, including assets of which it was fraudulently deprived, for the benefit of the creditors of TPSS. The assignment agreement arose out of Toledo Pickling's debt to USX that TPSS assumed through its purchase of Toledo Pickling.  The receiver has alleged that Consolidated then fraudulently deprived USX of its right to collect that debt by entering into an agreement with USX under which USX relinquished a receivable account in exchange for Consolidated stock and a promissory note on which Consolidated defaulted.  Accordingly, the subject of the assignment agreement, including the promissory note, is extensively intertwined with the allegedly fraudulent conveyances and conversion that the receiver has asserted deprived the TPSS creditor's of their property.  Under these circumstances and in light of *Milo*, supra, we cannot say that the trial court erred in approving the assignment agreement and permitting the receivership to continue.

{¶ 22}  Accordingly, the three assignments of error are not well taken.

{¶ 23}  On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed.  Court costs of this appeal are assessed to appellant.

Judgment affirmed.

PETER M. HANDWORK, P.J., and GEORGE M. GLASSER, J., concur.

GEORGE M. GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.