[Cite as *Tax Ease Ohio, L.L.C. v. Living Care Alternatives of Kirkersville*, 2024-Ohio-439.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| TAX EASE OHIO, LLC | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | Case No. 2023 CA 00020 |
| LIVING CARE ALTERNATIVES OF<br>KIRKERSVILLE, INC., d.b.a. PINE<br>KIRK CARE CENTER, ET AL., | |
|     Defendants-Appellees | O P I N I O N |
| and | |
| BRUCE COMLY FRENCH | |
|     Intervening Defendant-Appellee | |


CHARACTER OF PROCEEDINGS:    Appeal from the Licking County Court of Common Pleas, Case No. 2019 CV 00525


JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 7, 2024


APPEARANCES:

For Plaintiff-Appellant

DAVID T. BRADY
SUANNE M. GODENSWAGER
Sandhu Law Group, LLC
1213 Prospect Avenue, Suite #300
Cleveland, Ohio 44115

For Defendants-Appellees

BRUCE COMLY FRENCH
P.O. Box 839
Lima, Ohio 45802

*Hoffman, P.J.*

{¶1}   Plaintiff-appellant Tax Ease Ohio, LLC ("Tax Ease") appeals the February 8, 2023 Judgment Entry entered by the Licking County Court of Common Pleas, which denied its motion for forfeiture.  Defendants-appellees are Living Care Alternatives of Kirkersville, et al. ("Living Care Alternatives").

STATEMENT OF THE FACTS AND CASE

{¶2}   In 1997, the Ohio General Assembly enacted R.C. 5721.30 *et seq.*, which permitted counties to collect delinquent real property taxes through the sale of tax lien certificates to third party investors by public auction or negotiated sale.  A county treasurer may, at the treasurer's discretion, negotiate the sale or transfer of any number of tax certificates with one or more persons. *See* R.C. 5721.33. Between 2015 and 2018, Tax Ease purchased three (3) tax certificates from the Licking County Treasurer associated with real property located at 205 E. Main Street, Kirkersville, Ohio ("the Property").  At the time, the Property was owned by Living Care Alternatives and operated as a skilled nursing facility.  On May 16, 2019, Tax Ease filed a complaint pursuant to R.C. Chapter 5721, seeking to foreclosure on the Property ("the instant action").

{¶3}   On July 18, 2019, Thomas Rosser, a lienholder and the sole shareholder of Living Care Alternatives filed, a complaint to wind down the business of Living Care Alternatives as well as another entity, Living Care Alternatives of Utica, Inc. ("the Receivership Case").  Rosser also filed a contemporaneous motion for the emergency appointment of a receiver to manage the winding down of the businesses.  The trial court granted the motion and appointed Attorney Bruce Comly French as receiver.

{¶4}   On August 30, 2019, French filed a Notice of Appointment of Receiver in the Receivership Case.  In the Certificate of Service attached to the Notice, French

certified he caused a copy of said notice to be sent by first class mail to, inter alia, Tax Ease, c/o Austin Barnes, Sandhu Law Firm, 1213 Prospect Ave. #300, Cleveland, Ohio 44115. On the same day, French, in his capacity as receiver, filed a motion to be joined as an indispensable party in the instant action. Tax Ease did not object to the appointment of a receiver in the Receivership Case or to the joinder of the receiver in the instant action. Via Order filed September 16, 2019, the trial court ordered French be joined as an indispensable party.

{¶5} On October 30, 2019, Tax Ease filed a motion for default judgment in the instant action, seeking default judgment and a decree of foreclosure against Living Care Alternatives. Via Judgment Entry and Decree of Foreclosure filed January 21, 2020, the trial court ordered, inter alia, the matter proceed in accordance with R.C. 5721.30 et seq. and Tax Ease's tax certificates "shall be and remain first and best lien on [the Property." January 21, 2020 Judgment Entry and Decree of Foreclosure at p. 7, unpaginated.

{¶6} On November 27, 2019, in the Receivership Case, French filed a motion for an order authorizing him to sell the Property free and clear of liens, except for the lien of the Licking County Treasurer for real estate taxes and assessments. In the Certificate of Service attached to the motion, French certified he caused a copy of said motion to be sent to Tax Ease via ordinary U.S. mail. The trial court filed an order on December 3, 2019, granting French the authority to sell the Property free and clear of liens.

{¶7} French attempted to sell the Property for more than a year, but due to the Property's infamous history, the Property was difficult to sell.[1] On March 4, 2021, French filed a motion to confirm the sale of the Property, free and clear of liens, for a purchase

---

[1] In May, 2017, the Property had been the site of a hostage situation, during which the Kirkersville police chief, a nurse, and a nurse's aide were murdered.

price of $79,900.00. French certified he caused a copy of said motion to be sent to Tax Ease via ordinary U.S. mail.  Tax Ease did not file an objection to the motion.  The trial court granted the motion to confirm, however, the $79,900.00 offer was subsequently withdrawn and the sale of the property did not proceed.  French filed a second motion to confirm the sale of the Property, free and clear of liens, for the purchase price of $65,000.00, on August 17, 2021. French certified he caused a copy of said motion to be sent to Tax Ease via ordinary U.S. mail. Tax Ease did not file an objection to the motion. The trial court confirmed the sale of the Property on August 19, 2021.  Throughout the course of the Receivership Case, Tax Ease never disputed the sale of the Property or how the proceeds of the sale would be distributed.

**{¶8}**　Tax Ease took no action after obtaining the decree of foreclosure until April 29, 2022, when it moved for an order authorizing a private selling officer to sell the Property at public auction. The trial court issued an order on the same day, authorizing a private selling officer to sell the Property at public auction.[2]  On July 15, 2022, French filed a memo in opposition to the sale.  Tax Ease filed a response on August 8, 2022. Therein, Tax Ease asserted it had never received service of French's August 17, 2021 motion to confirm the sale of the Property.  In support of its assertion, Tax Ease attached the Affidavit of its counsel, Attorney Austin B. Barnes, III.  On September 1, 2022, French filed a motion to compel Tax Ease to join the current owner of the Property as a defendant in the instant action, to provide notice of the proposed sale and due process to the current owner as well as the opportunity to respond, and to stop all proceedings in the instant action leading to the sale of the Property.  French attached his own Affidavit to the motion,

---

[2] Tax Ease attempted to sell the Property on August 30, 2022, and September 13, 2022, however, neither attempt was successful due to want of bidders.

in which he averred he caused a copy of August 17, 2021 motion to confirm the sale of the Property to be sent to Tax Ease, care of Attorney Barnes, via ordinary U.S. mail. French further averred he did not receive any returned mail originally sent to Attorney Barnes from the United States Postal Service.

**{¶9}** Tax Ease filed a motion for forfeiture on September 26, 2022. French filed a memo contra on October 13, 2022. Both parties submitted supplemental briefing on the matter.

**{¶10}** Via Judgment Entry filed February 8, 2023, the trial court denied Tax Ease's motion for forfeiture. The trial court found French had the authority through his powers as the receiver to sell the Property free and clear of Tax Ease's lien. The trial court further found the doctrine of lis pendens does not prevent the cancellation of a lien in a receivership sale.

**{¶11}** It is from this judgment entry Tax Ease appeals, raising as error:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION FOR FORFEITURE, THEREFORE DENYING A FORFEITURE DEED TO BE ISSUED TO APPELLANT.

I

**{¶12}** In its sole assignment of error, Tax Ease asserts the trial court erred in denying its motion for forfeiture. Specifically, Tax Ease argues the doctrine of lis pendens prevented the receiver's sale of the Property free and clear of liens. We disagree.

**{¶13}** The doctrine of lis pendens is codified in R.C. 2703.26, which provides:

When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.

R.C. 2703.26.

**{¶14}** The "general intent and effect" of lis pendens is "to charge third persons with notice of the pendency of an action, and to make any interest acquired by such third persons subject to the outcome and judgment or decree of the pending lawsuit." *Bank of N.Y. v. Barclay*, 10th Dist. Franklin No. 03AP-844, 2004-Ohio-1217, 2004 WL 503935, ¶ 10. "A person acquiring property subject to lis pendens takes the property subject to the final outcome of the action, and is as conclusively bound by the result of litigation as if the third party had been a party to the litigation from the outset." *Id.*; *see also Cook v. Mozer*, 108 Ohio St. 30, 36–37, 140 N.E. 590 (1923). "Lis pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment." *Bates v. Postulate Invests., L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.3d 937, ¶ 16.

**{¶15}** Lis pendens is not a substantive right. *Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.*, 150 Ohio App.3d 728, 2002-Ohio-7078, 782 N.E.2d 1225, at ¶ 31. It does not create a lien, but charges the purchaser with notice of the pending action. *Id.* The purpose of lis pendens is to protect the plaintiff's interest in the subject property. *Id.* Lis

pendens does not relate to the power of a court to hear and decide a case on the merits. *ABN AMRO Mtge. Group, Inc. v. Roush,* 10th Dist. Franklin No. 04AP–457, 2005-Ohio-1763, 2005 WL 858182, ¶ 49.

**{¶16}** Conversely, the appointment of a receiver is "an extraordinary, drastic and sometimes harsh power which equity possesses and is only to be exercised where the failure to do so would place the petitioning party in danger of suffering an irreparable loss or injury." *Jardine v. Jardine*, 8th Dist. Cuyahoga No. 110670, 2022 WL 1673642, 2022-Ohio-1754, ¶ 11, quoting *Equity Ctrs. Dev. Co. v. S. Coast Ctrs., Inc.*, 83 Ohio App.3d 643, 649, 615 N.E.2d 662 (8th Dist. 1992), citing *Hoiles v. Watkins*, 117 Ohio St. 165, 174, 157 N.E. 557, 559 (1927) (Internal quotations omitted).

**{¶17}** R.C. 2735.04 delineates the powers a trial court may grant a receiver, including the power to sell and transfer of real property. R.C. 2735.04(B)(5).  With court approval and supervision, a receiver may sell property free and clear of liens by private sale pursuant to a written contract between the receiver and the prospective purchaser, by private auction, by public auction, or by any other method that the court determines is fair to the owner of the property and all other parties with an interest in the property, is reasonable under the circumstances, and will maximize the return from the property to the receivership estate, taking into account the potential cost of holding and operating the property.

**{¶18}**  R.C. 2735.04(D)(1)(a).

**{¶19}**  Further, R.C. 2735.04(D)(1)(a) enables a trial court to exercise its discretion in deciding whether a receiver may sell real property free and clear of liens and provides, in toto:

If requested in the receiver's application for authority to sell the real property under division (D)(2)(a) of this section, upon a finding by the court after notice and an opportunity for a hearing as provided in divisions (D)(2)(b) and (c) of this section that it is in the best interest of the receivership estate that the real property be sold free and clear of liens, the court may order that the real property be sold free and clear of all liens *other than the lien of the treasurer of the county in which the real property is located for real estate taxes and assessments*. (Emphasis added).

{¶20} In receivership actions, "an appellate court will not disturb a trial court's judgment regarding a receiver's powers absent a showing of an abuse of discretion." *Quill v. Troutman Ents., Inc.,* Montgomery App. No. 20536, 2005-Ohio-2020, 2005 WL 994676, ¶ 34; *Campbell Investors v. TPSS Acquisition Corp.,* 152 Ohio App.3d 218, 2003-Ohio-1399, 787 N.E.2d 78, ¶ 15, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73-74, 573 N.E.2d 62 (1991). An abuse of discretion is more than an error of law; rather, it suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140 (1983).

{¶21} The trial court filed an order on December 3, 2019, granting French the authority to sell the Property free and clear of liens. Tax Ease did not object to the trial court granting French this authority. Due to the Property's infamous history, French had a difficult time finding a buyer. French received two offers, one for $79,900.00, which, following the confirmation of the sale, was withdrawn. The second for $65,000.00, which resulted in the sale of the Property. The trial court confirmed the sale of the Property for

$65,000.00, by private sale, free and clear of liens. Tax Ease did not object to either motion to confirm the sale. Tax Ease took no action after obtaining the decree of foreclosure in January, 2020, until April 29, 2022, when it moved for an order authorizing a private selling officer to sell the Property at public auction. Tax Ease attempted to sell the Property on August 30, 2022, and September 13, 2022, however, neither attempt was successful due to want of bidders.

{¶22} Because a trial court has the authority to authorize a receiver to sell property at a private sale free and clear of liens under certain circumstances, and because the $65,000.00 purchase price represented the highest and best offer for the Property, we find the trial court did not abuse its discretion in authorizing French to sell the Property free and clear of all liens other than the lien of the Licking County Treasurer. We note Tax Ease failed to object to French's motion for an order to sell the Property, French's first motion to confirm the sale of the Property for $79.900.00, French's second motion to confirm the sale of the Property for $65,000.00, and the trial court's confirmation of sale of the Property in the Receivership case. We further find the general doctrine of lis pendens did not affect the trial court's specific statutory authority, pursuant to R.C. 2735.04, to order the sale of the Property free and clear of liens.

**{¶23}** Tax Ease's sole assignment of error is overruled.

**{¶24}** The judgment of the Licking County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Wise, J.  and

King, J. concur